**Theodore RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–276–CR.**

Court of Appeals of Texas,
· Waco.

July 21, 1999.

B. Dwight Goains, Humble & Humble, L.L.P., Cameron, for appellant.

John W. Segrest, Crim. Dist. Atty., Beth Toben, Mark E. Parker, Laura M. Alaniz, Asst. Dist. Attys., for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

Appellant, Theodore Rodriguez, was convicted of one count of aggravated sexual assault and two counts of indecency with a child. He was sentenced to 45 years in prison on count one and to 16 years in prison on counts two and three. He appeals, urging in four issues only that his trial counsel was ineffective. Because the complaints were not properly preserved at the trial court level, we will affirm his conviction.

■ Rodriguez asserts that his trial counsel was ineffective during both the guilt/innocence phase and punishment phase of his trial. Specifically, he claims his trial counsel (1) failed to investigate his case, (2) failed to prepare for trial, (3) failed to interview potential witnesses, and (4) failed to investigate his family background. Rodriguez did not file a motion for new trial raising these complaints nor did he bring them to the attention of the trial court in any other manner prior to filing his appeal.

■ Rodriguez attaches several affidavits to his brief in support of his claim of ineffective assistance of counsel. He does not refer to the record where these same affidavits could be found. Assertions or attachments thereto that are not supported by the record will not be considered on appeal. *See Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App.1981); *Miranda v. State,* 813 S.W.2d 724, 738 (Tex. App.—San Antonio 1991, pet. ref'd); *Paez v. State,* 995 S.W.2d 163, 171–72 (Tex. App.—San Antonio 1999 n.w.h.). We cannot consider these affidavits.

We conclude that a review of Rodriguez' complaints are barred by Rule 33.1(a) of the Rules of Appellate Procedure. TEX. R.APP. P. 33.1(a); *Gonzalez v. State,* 994 S.W.2d 369, 372–73 (Tex.App.—Waco 1999 n.w.h.). The Rule provides, in part:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection or motion . . . and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

*Id.* Applying the clear language of the Rule, we hold that Rodriguez' issues raising ineffective assistance of counsel have not been preserved for our review. *See Gonzalez,* at 372–73.

Because these complaints were not presented to the trial court, we overrule Rodriguez' four issues. We, therefore, affirm the judgment.