

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00227-CR

**JOE SIDNEY WILLIAMS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2009-110-C2

## MEMORANDUM  OPINION

Joe Sidney Williams appeals his conviction for possession of a controlled substance less than one gram.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003).  After finding two enhancement allegations true, the trial court sentenced Williams to confinement for ten (10) years in the Texas Department of Criminal Justice – Institutional Division pursuant to the jury's verdict.  Williams complains that (1) the trial court erred by allowing the State to withdraw its earlier abandonment of an enhancement allegation; (2) the sentence imposed was illegal because of improper enhancement; (3) the judgment was illegal as to the place of confinement in the

Institutional Division rather than in a state jail; (4) his trial counsel rendered ineffective assistance of counsel; (5) the trial court erred by denying his motion for new trial based on newly discovered evidence; (6) the trial court erred in the admission of evidence; (7) the trial court erred in allowing perjured testimony; (8) the trial court erred by not admitting a police report and allowing the prosecutor and police to mislead the jury; and (9) the trial court erred by not striking a comment made by Williams's trial counsel regarding his guilt.[1]  Because we find no reversible error, we affirm the judgment of the trial court.

*Improper Enhancements*

Williams complains that the trial court erred by allowing the State to abandon and then, in essence, to resurrect an enhancement allegation contained in the indictment.  Williams concedes that the enhancement allegation was not part of the substance of the indictment.  *See Stautzenberger v. State*, 232 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  However, he contends that once the State abandoned that enhancement prior to the empanelling of the jury, jeopardy attached to that allegation and that it was error for the trial court to allow the State to rescind its abandonment during the guilt-innocence stage of the trial.

When the State requested the trial court to allow them to rescind their abandonment of the enhancement allegation, Williams objected on the basis of surprise.

---

[1] The first three issues were contained in a brief filed by Williams's appointed counsel on appeal prior to this Court abating this appeal to the trial court for a determination of whether or not Williams desired to represent himself on appeal.  Williams was allowed by the trial court to represent himself in this appeal.  This Court allowed Williams to file his own brief supplementing the brief previously filed by his appellate counsel prior to that abatement.  The final six issues are from Williams's *pro se* supplemental brief.

Williams asked for additional time to respond, which the trial court apparently granted. Prior to the start of the punishment phase of the trial, the State provided Williams with an amended notice of enhancements that included the abandoned allegation but deleted a third enhancement.[2]  At this point, Williams objected on the basis of the trial court erroneously allowing a trial amendment to the indictment and asked for a continuance to the next morning in order to do research on the issue, which the trial court granted. The next morning, Williams did not raise the issue again.  Williams then pled true to each of the enhancement paragraphs pursuant to the amended notice, including the first abandoned enhancement.

Under the United States Supreme Court's decision in *Monge v. California*, enhancement allegations do not place a defendant in jeopardy of being tried twice for an "offense" or constitute an additional punishment for the previous offense.  *See Monge v. California*, 524 U.S. 721, 728, 118 S. Ct. 2246, 2250, 2251, 141 L. Ed. 2d 615 (1998). Although the Court's holding in *Monge* has been severely restricted by subsequent holdings beginning with *Apprendi v. New Jersey*, *Apprendi* specifically excluded prior convictions in its opinion.  530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); *see also Ex parte Watkins*, 73 S.W.3d 264, 271 n.27

---

[2] The first enhancement paragraph, which the State initially abandoned, was for a state jail felony conviction.  The third enhancement paragraph was for a third degree felony conviction.  The State originally sought to have Williams punished for a second degree felony, but after the filing of the amended notice only sought to have him punished for a third degree felony, because Williams's prior convictions did not give rise to the second degree punishment enhancement.  *See* TEX. PEN. CODE ANN. § 12.42(a)(1) (Vernon 2005).

(Tex. Crim. App. 2002); *see also Wilson v. State*, 267 S.W.3d 215, 221 (Tex. App.—Waco 2008, pet. ref'd). The Texas Constitution provides no greater protection than the United States Constitution regarding double jeopardy except in cases where the State causes a mistrial. *Stephens v. State*, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990).

The enhancements sought against Williams pursuant to section 12.42 of the Penal Code were not elements of the offense for which Williams was being tried. Therefore, Williams was not placed in jeopardy for those offenses. As such, there was no error by the trial court's reinstating the first enhancement prior to the sentencing phase of the trial. Because this was not error, Williams was not subjected to an illegal sentence due to the length of incarceration or as to the place of incarceration. We overrule issues one, two, and three.

### Ineffective Assistance of Counsel

Williams complains that he received ineffective assistance of counsel for a litany of perceived errors by his trial counsel relating to the admission of evidence, by making a misstatement defeating Williams's presumption of innocence, by failing to file pre-trial motions, failing to produce a witness's statement, and by failing to request a mistrial.

To prevail on an ineffective-assistance claim, Williams must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App.

1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813.

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. It is critical that the necessary record be obtained in the trial court to rebut the Strickland presumption that counsel's conduct was strategic for purposes of appeal. *Thompson*, 9 S.W.3d at 814; *McCullough v. State*, 116 S.W.3d 86, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd.). When the record is silent as to counsel's reason for failing to act in some manner, the presumption that counsel acted reasonably is not rebutted. *See Thompson*, 9 S.W.3d at 814.

Williams did file a *pro se* motion for new trial but did not allege ineffective assistance of counsel in the motion. The motion was overruled without a hearing by a written order.

### Trial Counsel's Misstatement

In his closing argument, trial counsel for Williams stated: "At this point in time that man right there is guilty. It's been their job – I mean, is innocent. My apology." Williams contends that this statement constituted ineffective assistance of counsel because it violated his presumption of innocence. However, while clearly Williams's trial counsel made an erroneous statement, he corrected himself almost immediately.

Trial counsel had argued vigorously throughout the trial that Williams was innocent, and the remark that appears to have been wholly inadvert was made in the midst of a closing argument where trial counsel sought to demonstrate reasonable doubt in the State's case. Williams has not demonstrated in his brief that there is a reasonable probability that, but for this alleged deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

### Other Alleged Errors

The record is silent as to any strategy of Williams's trial counsel regarding Williams's other complaints. Therefore, Williams has not rebutted the presumption that his trial counsel acted reasonably. *See Thompson*, 9 S.W.3d at 814. We overrule supplemental issue one.

### Denial of Motion for New Trial and Failure to Declare Mistrial

Williams contends that the trial court erred by denying his motion for new trial and by not declaring a mistrial because of newly discovered evidence. The defense presented a witness, Crestine Morales, who testified that she possessed the cocaine that was found in the vehicle, which was powder cocaine, and that Williams did not know that there were drugs in the vehicle. In his brief, Williams includes a typed copy of an affidavit purported to be signed by Morales, but it was never presented to the trial court and we will not consider it for purposes of this appeal. Additionally, he includes statements regarding Morales's subsequent plea of guilty for possession of cocaine. An appellate court may not consider factual assertions that are outside the record, and a

party cannot circumvent this prohibition by submitting an affidavit for the first time on appeal. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see also Rodriguez v. State*, 996 S.W.2d 402, 403 (Tex. App.—Waco 1999, no pet.). Therefore, we will not consider those allegations as they are outside of the record.

It is unclear on what basis Williams contends that the trial court should have declared a mistrial. Williams's trial counsel did not ask the trial court to grant a mistrial, therefore, any potential error was waived. *See* TEX. R. APP. P. 33.1(a). We overrule supplemental issue two.

*Admission of Evidence*

Williams complains that the trial court erred in the admission of photographic evidence because he contends that upon Morales's testimony that she was the owner of the drugs, those photographs should have been stricken from the record. He also contends that a videotape admitted into evidence and played for the jury should have been excluded because he believes that it was altered. However, no objection was made to either the photographs or the videotape at the time of their admission. Williams did attempt to raise the issue of the alleged alteration of the videotape with the trial court later; however, upon further questioning by the trial court, Williams finally stated that he was only seeking an internal investigation of the police department. Any possible error to these exhibits was waived when they were admitted without a timely objection. *See* TEX. R. APP. P. 33.1(a). We overrule supplemental issue three.

*Perjured Testimony*

Williams complains that the trial court erred by allowing one of the arresting officers to testify falsely without admitting either the offense report or a report on ethnic racial profiling into evidence. *See* TEX. CODE CRIM. PROC. ANN. art 2.132 (Vernon 2005). The offense report from Williams's arrest was neither offered nor admitted into evidence. Further, Williams does not explain how the admission of these reports affected his trial or would have been admissible in the first place. *See* TEX. R. EVID. 803(8); TEX. R. APP. P. 38.1(h). Any error regarding this issue is waived. *See* TEX. R. APP. P. 33.1(a). We overrule supplemental issue four.

Williams complains that the trial court erred by allowing the State: (1) to bring conflicting testimony by an officer; (2) by not admitting the offense report and a racial profiling report into evidence; and (3) by misleading the jury by not bringing in the laser to prove the allegation that Williams was speeding prior to being pursued by law enforcement. Williams contends that the officer was lying when he stated that he got a speed reading of 50 miles per hour in a 30 mile per hour zone by laser because a speeding ticket he received was allegedly dismissed for insufficient evidence. However, after a review of the record, this allegation regarding his speeding ticket is not mentioned in the record, and Williams has not cited to any testimony or other evidence regarding the ticket or subsequent dismissal. We will not consider facts outside the record. *See Whitehead,* 130 S.W.3d at 872.

Further, the issue of whether a witness was being truthful or not was within the province of the jury as the exclusive judge of the credibility of the witnesses and of the

weight to be given to their testimony. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Williams has not cited to, nor have we found, anything in the record to show that Williams was not speeding when the police began pursuit. We overrule supplemental issue five.

*Presumption of Innocence*

Williams complains that the trial court erred by not admonishing the jury and striking a misstatement by his trial counsel that he contends violates his presumption of innocence without a request to do so by either his trial counsel or the State. Williams contends that his trial counsel's misstatement basically rose to the level of a concession of guilt. We disagree with that characterization. Williams has already contended that this one comment constituted ineffective assistance of counsel, which we have overruled. No objection was lodged at the trial court to this comment nor was a request made to strike the comment. Williams's argument as he has presented it in this issue was waived by the failure to seek any remedy from the trial court. *See* TEX. R. APP. P. 33.1(a). We overrule supplemental issue six.

*Conclusion*

We find that jeopardy does not attach to enhancement paragraphs pled in an indictment, and therefore, the trial court did not err by allowing the State to rescind its prior abandonment of an enhancement paragraph. Thus, Williams's sentence was not illegal either due to the length or location of incarceration. Williams failed to meet his burden to establish that he received ineffective assistance of counsel. Williams's other

objections were waived because they were not preserved at trial.  We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed May 12, 2010
Do not publish
[CR25]