IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00227-CR

 

Joe Sidney Williams,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2009-110-C2

 



MEMORANDUM  Opinion










 

            Joe Sidney Williams appeals his
conviction for possession of a controlled substance less than one gram.  See
Tex. Health & Safety Code Ann.
§ 481.115 (Vernon 2003).  After finding two enhancement allegations true, the
trial court sentenced Williams to confinement for ten (10) years in the Texas
Department of Criminal Justice – Institutional Division pursuant to the jury’s
verdict.  Williams complains that (1) the trial court erred by allowing the
State to withdraw its earlier abandonment of an enhancement allegation; (2) the
sentence imposed was illegal because of improper enhancement; (3) the judgment
was illegal as to the place of confinement in the Institutional Division rather
than in a state jail; (4) his trial counsel rendered ineffective assistance of
counsel; (5) the trial court erred by denying his motion for new trial based on
newly discovered evidence; (6) the trial court erred in the admission of
evidence; (7) the trial court erred in allowing perjured testimony; (8) the
trial court erred by not admitting a police report and allowing the prosecutor
and police to mislead the jury; and (9) the trial court erred by not striking a
comment made by Williams’s trial counsel regarding his guilt.[1]  Because we find no reversible error, we
affirm the judgment of the trial court.

Improper Enhancements

            Williams complains that the trial court erred by allowing the State
to abandon and then, in essence, to resurrect an enhancement allegation
contained in the indictment.  Williams concedes that the enhancement allegation
was not part of the substance of the indictment.  See Stautzenberger v.
State, 232 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2007,
no pet.).  However, he contends that once the State abandoned that enhancement
prior to the empanelling of the jury, jeopardy attached to that allegation and
that it was error for the trial court to allow the State to rescind its
abandonment during the guilt-innocence stage of the trial.

            When the State requested the trial
court to allow them to rescind their abandonment of the enhancement allegation,
Williams objected on the basis of surprise.  Williams asked for additional time
to respond, which the trial court apparently granted.  Prior to the start of
the punishment phase of the trial, the State provided Williams with an amended
notice of enhancements that included the abandoned allegation but deleted a
third enhancement.[2]  At
this point, Williams objected on the basis of the trial court erroneously
allowing a trial amendment to the indictment and asked for a continuance to the
next morning in order to do research on the issue, which the trial court
granted.  The next morning, Williams did not raise the issue again.  Williams
then pled true to each of the enhancement paragraphs pursuant to the amended
notice, including the first abandoned enhancement.

Under the United States Supreme Court’s decision
in Monge v. California, enhancement allegations do not place a defendant
in jeopardy of being tried twice for an “offense” or constitute an additional
punishment for the previous offense.  See Monge v. California, 524 U.S. 721, 728, 118 S. Ct. 2246, 2250, 2251, 141 L. Ed. 2d 615 (1998).  Although the Court’s holding
in Monge has been severely restricted by subsequent holdings beginning
with Apprendi v. New Jersey, Apprendi specifically excluded prior
convictions in its opinion.  530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000) (“Other than the fact of a prior conviction, any fact that
increases the penalty for a crime beyond the prescribed statutory maximum must
be submitted to a jury, and proved beyond a reasonable doubt.” (emphasis
added)); see also Ex parte Watkins, 73 S.W.3d 264, 271 n.27 (Tex. Crim.
App. 2002); see also Wilson v. State, 267 S.W.3d 215, 221 (Tex.
App.—Waco 2008, pet. ref’d).  The Texas Constitution provides no greater protection
than the United States Constitution regarding double jeopardy except in cases
where the State causes a mistrial.  Stephens v. State, 806 S.W.2d 812,
815 (Tex. Crim. App. 1990).

The enhancements sought against Williams pursuant
to section 12.42 of the Penal Code were not elements of the offense for which
Williams was being tried.  Therefore, Williams was not placed in jeopardy for
those offenses.  As such, there was no error by the trial court’s reinstating
the first enhancement prior to the sentencing phase of the trial.  Because this
was not error, Williams was not subjected to an illegal sentence due to the
length of incarceration or as to the place of incarceration.  We overrule
issues one, two, and three.

Ineffective Assistance of Counsel

            Williams complains that he received
ineffective assistance of counsel for a litany of perceived errors by his trial
counsel relating to the admission of evidence, by making a misstatement
defeating Williams’s presumption of innocence, by failing to file pre-trial
motions, failing to produce a witness’s statement, and by failing to request a
mistrial.

To prevail on an ineffective-assistance claim,
Williams must prove (1) counsel’s representation fell below the objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for counsel’s deficiency, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).  Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim.  Thompson,
9 S.W.3d at 813.

In considering an ineffective-assistance claim, we
indulge a strong presumption that counsel’s actions fell within the wide range
of reasonable professional behavior.  Strickland, 466 U.S. at 689; Thompson, 9 S.W.3d at 813; Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  To overcome this presumption, a claim of ineffective
assistance must be firmly demonstrated in the record.  Thompson, 9
S.W.3d at 814.  It is critical that the necessary record be obtained in the
trial court to rebut the Strickland presumption that counsel’s conduct was
strategic for purposes of appeal.  Thompson, 9 S.W.3d at 814; McCullough
v. State, 116 S.W.3d 86, 92 (Tex. App.—Houston [14th Dist.] 2001, pet.
ref'd.).  When the record is silent as to counsel’s reason for failing to act
in some manner, the presumption that counsel acted reasonably is not rebutted. 
See Thompson, 9 S.W.3d at 814.

Williams did file a pro se motion for new
trial but did not allege ineffective assistance of counsel in the motion.  The
motion was overruled without a hearing by a written order.  

Trial Counsel’s Misstatement

In his closing argument, trial counsel for
Williams stated:  “At this point in time that man right there is guilty.  It’s
been their job – I mean, is innocent.  My apology.”  Williams contends that
this statement constituted ineffective assistance of counsel because it
violated his presumption of innocence.  However, while clearly Williams’s trial
counsel made an erroneous statement, he corrected himself almost immediately. 
Trial counsel had argued vigorously throughout the trial that Williams was
innocent, and the remark that appears to have been wholly inadvertent was made
in the midst of a closing argument where trial counsel sought to demonstrate
reasonable doubt in the State’s case.  Williams has not demonstrated in his
brief that there is a reasonable probability that, but for this alleged
deficiency, the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Other Alleged Errors

The record is silent as to any strategy of
Williams’s trial counsel regarding Williams’s other complaints.  Therefore,
Williams has not rebutted the presumption that his trial counsel acted
reasonably.  See Thompson, 9 S.W.3d at 814.  We overrule supplemental
issue one.

Denial of Motion for New Trial and Failure to
Declare Mistrial

Williams contends that the trial court erred by
denying his motion for new trial and by not declaring a mistrial because of
newly discovered evidence.  The defense presented a witness, Crestine Morales,
who testified that she possessed the cocaine that was found in the vehicle,
which was powder cocaine, and that Williams did not know that there were drugs
in the vehicle.  In his brief, Williams includes a typed copy of an affidavit
purported to be signed by Morales, but it was never presented to the trial
court and we will not consider it for purposes of this appeal.  Additionally,
he includes statements regarding Morales’s subsequent plea of guilty for possession
of cocaine.  An appellate court may not consider factual assertions that are
outside the record, and a party cannot circumvent this prohibition by
submitting an affidavit for the first time on appeal.  See Whitehead v.
State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); see also Rodriguez
v. State, 996 S.W.2d 402, 403 (Tex. App.—Waco 1999, no pet.).  Therefore,
we will not consider those allegations as they are outside of the record.

            It is unclear on what basis Williams
contends that the trial court should have declared a mistrial.  Williams’s
trial counsel did not ask the trial court to grant a mistrial, therefore, any
potential error was waived.  See Tex.
R. App. P. 33.1(a).  We overrule supplemental issue two.

Admission of Evidence

            Williams complains that the trial
court erred in the admission of photographic evidence because he contends that
upon Morales’s testimony that she was the owner of the drugs, those photographs
should have been stricken from the record.  He also contends that a videotape admitted
into evidence and played for the jury should have been excluded because he
believes that it was altered.  However, no objection was made to either the
photographs or the videotape at the time of their admission.  Williams did
attempt to raise the issue of the alleged alteration of the videotape with the
trial court later; however, upon further questioning by the trial court,
Williams finally stated that he was only seeking an internal investigation of
the police department.  Any possible error to these exhibits was waived when
they were admitted without a timely objection.  See Tex. R. App. P. 33.1(a).  We overrule
supplemental issue three.




Perjured Testimony

            Williams complains that the trial
court erred by allowing one of the arresting officers to testify falsely
without admitting either the offense report or a report on ethnic racial
profiling into evidence.  See Tex.
Code Crim. Proc. Ann. art 2.132 (Vernon 2005).  The offense report from
Williams’s arrest was neither offered nor admitted into evidence.  Further,
Williams does not explain how the admission of these reports affected his trial
or would have been admissible in the first place.  See Tex. R. Evid. 803(8); Tex. R. App. P. 38.1(h).  Any error
regarding this issue is waived.  See Tex.
R. App. P. 33.1(a).  We overrule supplemental issue four.

            Williams complains that the trial
court erred by allowing the State: (1) to bring conflicting testimony by an
officer; (2) by not admitting the offense report and a racial profiling report
into evidence; and (3) by misleading the jury by not bringing in the laser to
prove the allegation that Williams was speeding prior to being pursued by law
enforcement.  Williams contends that the officer was lying when he stated that
he got a speed reading of 50 miles per hour in a 30 mile per hour zone by laser
because a speeding ticket he received was allegedly dismissed for insufficient
evidence.  However, after a review of the record, this allegation regarding his
speeding ticket is not mentioned in the record, and Williams has not cited to
any testimony or other evidence regarding the ticket or subsequent dismissal. 
We will not consider facts outside the record.  See Whitehead, 130
S.W.3d at 872.  

Further, the issue of whether a witness was being
truthful or not was within the province of the jury as the
exclusive judge of the credibility of the witnesses and of the weight to be
given to their testimony.  See Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996).  Williams has not cited to, nor have we found, anything in
the record to show that Williams was not speeding when the police began
pursuit.  We overrule supplemental issue five.

Presumption of Innocence

            Williams complains that the trial
court erred by not admonishing the jury and striking a misstatement by his
trial counsel that he contends violates his presumption of innocence without a
request to do so by either his trial counsel or the State.  Williams contends
that his trial counsel’s misstatement basically rose to the level of a
concession of guilt.  We disagree with that characterization.  Williams has
already contended that this one comment constituted ineffective assistance of
counsel, which we have overruled.  No objection was lodged at the trial court
to this comment nor was a request made to strike the comment.  Williams’s
argument as he has presented it in this issue was waived by the failure to seek
any remedy from the trial court.  See Tex.
R. App. P. 33.1(a).  We overrule supplemental issue six.

Conclusion

            We find that jeopardy does not attach
to enhancement paragraphs pled in an indictment, and therefore, the trial court
did not err by allowing the State to rescind its prior abandonment of an
enhancement paragraph.  Thus, Williams’s sentence was not illegal either due to
the length or location of incarceration.  Williams failed to meet his burden to
establish that he received ineffective assistance of counsel.  Williams’s other
objections were waived because they were not preserved at trial.  We affirm the
judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed May 12, 2010

Do
not publish 

[CR25]









[1] The
first three issues were contained in a brief filed by Williams’s appointed
counsel on appeal prior to this Court abating this appeal to the trial court
for a determination of whether or not Williams desired to represent himself on
appeal.  Williams was allowed by the trial court to represent himself in this
appeal.  This Court allowed Williams to file his own brief supplementing the
brief previously filed by his appellate counsel prior to that abatement.  The
final six issues are from Williams’s pro se supplemental brief.





[2] The
first enhancement paragraph, which the State initially abandoned, was for a
state jail felony conviction.  The third enhancement paragraph was for a third
degree felony conviction.  The State originally sought to have Williams
punished for a second degree felony, but after the filing of the amended notice
only sought to have him punished for a third degree felony, because Williams’s
prior convictions did not give rise to the second degree punishment
enhancement.  See Tex. Pen. Code
Ann. § 12.42(a)(1) (Vernon 2005).