**McKinley Dale THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–08–00269–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 28, 2009.

Jimmy Phillips, Jr., Angleton, TX, McKinley Dale Thomas, Livingston, TX, for appellants.

Eric Kugler, Houston, TX, for State.

Panel consists of Justices YATES, GUZMAN, and SULLIVAN.

## ABATEMENT ORDER

LESLIE B. YATES, Justice.

After being convicted of murder and sentenced to life imprisonment, appellant McKinley Dale Thomas filed a pro se motion requesting appointment of appellate counsel, a new trial, and a new trial hearing. The trial court granted the request for appellate counsel but did not conduct a hearing and allowed the motion for new trial to be overruled by operation of law. In this appeal, appellant claims (1) the trial court improperly allowed the State to amend the indictment after trial began, (2) he was denied counsel in the critical thirty-day period after sentencing, and (3) the trial court erred in denying his request for a new trial hearing because it was necessary to develop evidence on his ineffective assistance of counsel claims. Because we determine that the trial court erred in not holding a new trial hearing, we abate this appeal and remand to the trial court for a hearing on appellant's motion for new trial.

## BACKGROUND

Appellant was indicted for murder, and after a mistrial, appellant was tried again and convicted. On January 17, 2008, immediately after sentencing, the trial judge and appellant had the following discussion:

THE COURT: All right. Mr. Thomas, [trial counsel] indicated to me that you did not want to file the pauper's oath or your notice of appeal at this time.

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And you understand that there's a certain amount of time that you have to file—

THE DEFENDANT: It's 30 days. I understand, yes, Your Honor.

THE COURT: I just want to be clear on that. Because if you do not file your pauper's oath, I certainly can't appoint anybody to represent you.

THE DEFENDANT: I can file a pauper's oath, but I didn't want to give notice of appeal now, Judge, because I wanted to file a motion for new trial first.

THE COURT: Well, but once I appoint someone to represent you, then certainly they would be responsible for determining whether to file a motion for new trial or what they should do.

THE DEFENDANT: I'll file it on my own.

THE COURT: You're going to represent yourself pro se?

THE DEFENDANT: No, I'm not. I'm going to ask the Court to appoint— within 30 days I'm going to give notice, written notice of appeal.

THE COURT: Right. But what are you going to do about the motion for new trial? Who's going to represent you on that?

THE DEFENDANT: If you appoint a lawyer.

THE COURT: Okay. So you want to fill out the pauper's oath, but you don't want to give notice of appeal?

THE DEFENDANT: When I file the motion for new trial, I'm going to ask for appointment of counsel in the motion.

THE COURT: On the motion for new trial or on the—

THE DEFENDANT: On the motion for new trial, I'm going to ask for counsel in the motion if it's—

THE COURT: Okay. I just don't want you to miss the deadlines.

THE DEFENDANT: No. I know the deadlines. Thank you.

THE COURT: Okay.

One week later, on January 24, 2008, appellant's trial counsel filed a motion to withdraw, which was granted that day. On February 5, appellant filed a pro se motion entitled "Defendant's Request For New Trial, Request For Appointment of Counsel, and Request For New Trial Hearing." According to a handwritten notation on the front of appellant's motion and a letter from the district clerk to appellant, the trial court granted the motion to appoint counsel the next day, although appellant's appellate counsel claims in appellant's brief that he was not appointed until February 22.[1] Appellant filed a pro se notice of appeal on March 27; appellate counsel filed another notice of appeal on July 17. The trial court never set a hearing on the motion for new trial, which was overruled by operation of law. This appeal followed.

## ANALYSIS

### A. Jurisdiction

■ Before we address the merits of appellant's issues, we must first address the State's argument that we have no appellate jurisdiction because appellant did not file a timely notice of appeal. This argument hinges on appellant's pro se status when he filed his motion for new trial. A criminal defendant does not have a right to self-representation on direct appeal. *Martinez v. Ct. of Appeal of Cal.*, 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); *Massingill v. State*, 14 S.W.3d 380, 382 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The State argues that because appellant's motion for new trial was filed pro se and he had no right to represent himself on appeal, his motion for new trial "was a nullity." Consequently, according to the State, if the motion for new trial was a nullity, it was ineffective to extend the

---

1. The record also contains a letter from appellate counsel to the district clerk dated February 19, 2008 noting that he had been appointed as appellate counsel.

time for filing a notice of appeal from thirty to ninety days after the sentence, meaning that appellant's notice of appeal, which was filed more than thirty days after the sentence, was untimely. *See* Tex. R.App. P. 25.2(b); Tex.R.App. P. 26.2(a). Without a timely notice of appeal, this court lacks jurisdiction. *Stansberry v. State,* 239 S.W.3d 260, 262 (Tex.Crim.App. 2007).

■ The State's argument is based on a faulty premise. The State equates not having a right to self-representation on appeal with a "rule against [appellate] self-representation." There is no such rule. Courts have discretion to allow pro se representation on appeal. *Martinez,* 528 U.S. at 163, 120 S.Ct. 684 ("Courts, of course, may still exercise their discretion to allow a lay person to proceed *pro se.*"); *Massingill,* 14 S.W.3d at 382 (stating that appellate courts should review requests to proceed pro se on appeal on a case-by-case basis). Appellant told the trial judge that although he did not intend to represent himself throughout the appellate process, he did intend to file a pro se motion for new trial. The trial judge discussed appellate deadlines with appellant in an attempt to ensure he did not miss them, but the trial court expressed no intent to prohibit appellant from filing his pro se motion for new trial. Further, the Court of Criminal Appeals has held that if a trial court rules on a pro se motion for new trial while a defendant has appellate counsel, the defendant can appeal from that ruling. *Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim.App.2007). Although *Robinson* involved a much different fact situation, it clearly supports the proposition that a pro se motion for new trial is not a nullity because a defendant presumably could not appeal from a ruling on a motion that effectively did not exist. We conclude that appellant's pro se motion for new trial was not a nullity and was therefore effective to extend the appellate timetable.

■ The State asserts that even if the pro se motion for new trial extended the appellate timetable, appellant's pro se notice of appeal should be disregarded. It is undisputed that appellant filed a pro se notice of appeal after the trial court appointed appellate counsel. A defendant has no right to hybrid representation, and therefore a court need not consider a pro se document filed while a defendant has counsel. *See id.; Scheanette v. State,* 144 S.W.3d 503, 505 n. 2 (Tex.Crim.App.2004). Based on this principle, the State argues that appellant's notice of appeal "can be disregarded." That this court could possibly ignore a pro se motion in such circumstances does not mean that we must. It is a common practice for defendants to file pro se notices of appeal. *See, e.g., Smith v. State,* 17 S.W.3d 660, 661 (Tex.Crim. App.2000) (appellant filed pro se notice of appeal before appellate counsel appointed); *Welch v. State,* No. 14–08–00253–CR, 2009 WL 909613, at *8 (Tex.App.-Houston [14th Dist.] Apr. 7, 2009, no pet. h.) (mem.op.) (same). To disregard a pro se notice of appeal in a case such as this would completely foreclose a defendant's right to appeal. We are to interpret the appellate rules reasonably and liberally so that the right to appeal is not lost by imposing requirements unnecessary to effectuate the goal of the rules. *See Few v. State,* 230 S.W.3d 184, 189 (Tex.Crim.App.2007). Disregarding appellant's notice of appeal would serve no purpose in this case, and we decline to do so.

Because appellant timely filed a pro se motion for new trial and filed a pro se notice of appeal within ninety days thereafter, his notice of appeal is timely, and we have jurisdiction.

## B. Amendment of the Indictment

█ In his third issue, appellant claims he is entitled to a new trial because the trial court allowed the State to amend the indictment over his objection after trial began. The enhancement paragraph in the indictment stated that appellant was convicted of "burlary [sic] of a habitation" and provided the conviction date, cause number, and court information. In addition to the typographical error in spelling "burglary," the indictment misstated the offense as burglary of a habitation rather than burglary of a building. All other information in the indictment regarding this prior conviction was correct. On January 16, 2007, the State filed a notice of intent to use prior convictions, which listed this offense with all the correct information, along with eight other prior convictions. The same day, the State filed a motion to amend the indictment to correct the errors. The trial court did not rule on this motion before trial. About a year later, on January 17, 2008, immediately after the jury's guilty verdict, the State re-urged its motion to amend. The trial court granted the amendment, noting that the State had already given notice and therefore appellant was not surprised.

█ Article 28.10 of the Code of Criminal Procedure gives a defendant the right to object to an amendment to the indictment after trial on the merits has started and provides that an indictment "may not be amended over the defendant's objection as to form or substance if the amended indictment ... charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." TEX.CODE CRIM. PROC. ANN. art. 28.10(c) (Vernon 2006). Based on article 28.10, appellant argues the trial court's amendment of the indictment over his objection was error. However, article 28.10 does not apply in this situation. Though article 28.10 applies to amendments that charge the defendant "with an additional or different offense," this different or additional offense must be a statutory offense. *See Stautzenberger v. State*, 232 S.W.3d 323, 327 (Tex.App.-Houston [14th Dist.] 2007, no pet.). An enhancement allegation that is not part of the State's case-in-chief is not part of the "substance" of the indictment. *See id.* Thus, article 28.10 does not apply to the amendment of enhancement allegations. *See id.* (noting that "enhancement allegations are mere surplusage" and abandoning surplusage "does not invoke the requirements of Article 28.10(c)"); *Johnson v. State*, 214 S.W.3d 157, 158–59 (Tex.App.-Amarillo 2007, no pet.) (holding that changing the date in enhancement paragraph did not implicate article 28.10). Therefore, the trial court did not err in granting the State's motion to amend the enhancement allegation in the indictment, and we overrule appellant's third issue.

## C. Denial of Counsel in a Critical Stage

█ Appellant argues in his first issue that the trial court erred in failing to appoint him an attorney during a critical stage in the criminal process, the time during which to file a motion for new trial or amended motion for new trial. It is well established that thirty days after sentencing is a critical stage during which a defendant is entitled to counsel. *See Cooks v. State*, 240 S.W.3d 906, 908 (Tex. Crim.App.2007). Appellant's trial counsel did not withdraw until a week after sentencing. We presume that trial counsel informed appellant of his appellate rights. *Id.* at 911; *Oldham v. State*, 977 S.W.2d 354, 362–63 (Tex.Crim.App.1998). Appellant's knowledge of the appellate process and deadlines supports the presumption that appellant was informed of his appel-

late rights. *See Oldham,* 977 S.W.2d at 363; *Benson v. State,* 224 S.W.3d 485, 492 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Indeed, the trial court's post-sentencing discussion with appellant directly indicates that appellant and his trial counsel discussed his appellate rights. Clearly, there was some gap between the time trial counsel withdrew on January 24 and appellate counsel began functioning on either February 6 when the trial court's records show he was appointed or later in February as he claims in appellant's brief. However, we need not determine whether appellant was improperly denied appellate counsel during this critical stage because even if he was, any such error was harmless.

To reverse based on any gap in representation during a critical stage, the defendant must show he was harmed by it. *See Cooks,* 240 S.W.3d at 908; *Mashburn v. State,* 272 S.W.3d 1, 5 (Tex.App.-Fort Worth 2008, pet. ref'd). Appellant does not even attempt to meet this burden. He offers no explanation as to how he was harmed, for example, by showing how his motion for new trial would have been different had he had counsel or what arguments he would have made on appeal that he was prohibited from making as a result. *See Cooks,* 240 S.W.3d at 911–12 (finding no harm when defendant did not show any facially plausible claims he was precluded from bringing); *Mashburn,* 272 S.W.3d at 5 ("Appellant does not say what issues he would have raised on appeal that were not preserved by the motion for new trial filed and presented by trial counsel, nor are any of the issues in his brief barred from consideration by this court for lack of them being properly raised in a motion for new trial."). Therefore, we hold that error, if any, in denying appellant representation during this critical stage was harmless, and we overrule appellant's first issue.

### D. Motion for New Trial Hearing

 In his second issue, appellant claims that the trial court erred in failing to hold a hearing on his motion for new trial. A hearing on a motion for new trial is mandatory if the motion raises issues that are not determinable from the record. *See Reyes v. State,* 849 S.W.2d 812, 816 (Tex.Crim.App.1993); *Stogiera v. State,* 191 S.W.3d 194, 200 (Tex.App.-San Antonio 2005, no pet.). In his motion for new trial, appellant argued, among other things, that trial counsel was ineffective in not advising him regarding whether to agree to a mistrial in his first trial and for not calling as a witness a family member who he claims was the only eyewitness, which allowed the prosecutor to argue that appellant had no family members who would support him at trial. Without a hearing, these ineffective assistance of counsel claims cannot be "firmly founded in the record" and therefore would be unreviewable on direct appeal. *See Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005). We conclude these allegations raised reasonable grounds for relief that are not determinable from the record, and therefore, the trial court erred in failing to hold a hearing on appellant's motion for new trial. *See Reyes,* 849 S.W.2d at 816 (holding that hearing was mandatory on ineffective assistance claim alleging failure to inform defendant of plea offer); *Daniels v. State,* 63 S.W.3d 67, 70 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (finding error in refusing to hold new trial hearing on ineffective assistance allegations).

 The State does not argue that a hearing was unnecessary to determine such claims. Rather, the State claims appellant was not entitled to a hearing for two other reasons. First, the State contends the trial court had no duty to hold a motion for new trial hearing because ap-

pellant failed to present his motion. Texas Rule of Appellate Procedure 21.6 requires that a criminal defendant must "present" a motion to the trial court within ten days of filing it. Merely filing a motion is not sufficient to show presentment. *Stokes v. State,* 277 S.W.3d 20, 21 (Tex.Crim.App. 2009). This requirement protects the trial court by ensuring it has actual notice that a defendant desires a certain action, such as a ruling on a motion or a hearing. *See id.; Carranza v. State,* 960 S.W.2d 76, 78 (Tex.Crim.App.1998). Presentment can be proven in many ways, including by a notation on the proposed order or court's docket sheet or securing a ruling. *Stokes,* 277 S.W.3d at 22, 24; *Carranza,* 960 S.W.2d at 79. The day after appellant filed his motion—which in its very title requested a new trial, appointment of counsel, and a new trial hearing—the trial court granted his request for counsel. This is evidenced by the notation on the front of the motion and by the letter from the district clerk to appellant. This ruling indicates that the trial court had actual notice of appellant's motion, and thus appellant satisfied the presentment requirement. *See Stokes,* 277 S.W.3d at 24 (obtaining a ruling on a motion shows presentment); *Carranza,* 960 S.W.2d at 79 (same).

The State argues that because the notation on the face of the motion granting appellant's request for counsel was unsigned, we cannot attribute that notation to the trial judge. *See Stokes,* 277 S.W.3d at 24 (stating that notations that cannot be attributed to the court are not proof of presentment). In this case, we have more than an unsigned notation; we have a letter from the district clerk reflecting the same action, which corroborates the notation. *See id.* at 24–25

(holding that unsigned docket entry was sufficient evidence of presentment because it is a reliable indicator of the court's decision); *cf. Carranza,* 960 S.W.2d at 77 (finding no presentment because "[t]here is nothing in the record to indicate the trial court actually knew appellant had filed a motion for new trial and desired a ruling on it"). The State insists that because the motion requested three items, evidence that the trial court was aware of one of these requests does not prove that it was aware of the other two. The State does not cite, and we have not located, any authority that a motion should be subdivided for presentment purposes. Appellant told the trial judge he would be filing a motion for new trial. He then filed that motion and requested three specific items in the title of the motion, and the trial court granted one of them. This is sufficient to show the trial court had actual notice of the motion.

▇ Second, the State argues appellant was not entitled to a hearing because the trial court had no duty to consider or grant a hearing on his pro se motion for new trial once appellate counsel was appointed. However, appellate counsel filed a "Request to Set Motion for New Trial for Evidentiary Hearing and Determination," in which he discussed appellant's ineffective assistance allegations, explained that a hearing was necessary to develop a record on them, and requested a determination. We conclude this request shows appellate counsel adopted appellant's motion, which had already been presented, and counsel again requested a hearing and a determination of the motion.[2] The trial court denied the request and therefore was clearly aware of it. *See Stokes,* 277 S.W.3d at 24; *Carranza,* 960 S.W.2d at 79. The

---

2. It is this action that distinguishes this case from *Robinson,* in which the record did not contain sufficient evidence that appellate

counsel adopted and presented the pro se motion for new trial. *Robinson,* 240 S.W.3d at 921, 922.

State asserts that appellate counsel never "explicitly adopted" appellant's pro se motion for new trial as his own. The State cites no authority that adoption of a pro se motion must be explicit. Appellate counsel's request was taken specifically in furtherance of appellant's motion for new trial—to obtain evidence in support of it and to request a ruling. We disagree with the State's argument that some further action or statement by appellate counsel was necessary to show adoption of appellant's motion. Thus, the trial court could not ignore the motion on the ground that it was a pro se motion not adopted by counsel.

We conclude that appellant was entitled to a hearing on his motion for new trial, and we sustain his second issue. Because appellant was entitled to a hearing, we abate this appeal and remand to the trial court for a hearing on appellant's motion for new trial. If the trial court grants the motion, appellant's appeal will be dismissed. If the motion is overruled, the record will be supplemented and the parties will be permitted to brief any issues relating to the overruling of the motion that have not already been addressed in this opinion. The trial court is ordered to conduct a hearing on the motion for new trial. Any ruling is to be included in a supplemental clerk's record and transmitted to this court. The appeal is abated, treated as a closed case, and removed from this court's active docket. This appeal will be reinstated on this court's active docket only when the supplemental clerk's record is filed with this court. The court will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is appellant's responsibility to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order.

It is so ORDERED.