**McKinley Dale THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–08–00269–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 2009.

child. The focus is on penetration of the child's genital area.")

43. *Id.*

44. *Id.*

Jimmy Phillips Jr., Angleton, for Appellant.

Eric Kugler, Houston, for Appellee.

Panel consists of Justices YATES, SEYMORE, and SULLIVAN.

## OPINION

PER CURIAM.

After being convicted of murder and sentenced to life imprisonment, appellant McKinley Dale Thomas filed a pro se motion requesting appointment of appellate counsel, a new trial, and a new trial hearing. The trial court granted the request for appellate counsel but did not conduct a hearing and allowed the motion for new trial to be overruled by operation of law.

In this appeal, appellant claims (1) the trial court improperly allowed the State to amend the indictment after trial began, (2) he was denied counsel in the critical thirty-day period after sentencing, and (3) the trial court erred in denying his request for a new trial hearing because it was necessary to develop evidence on his ineffective assistance of counsel claims. In a published order on May 28, 2009, we overruled appellant's issues regarding amending the indictment and denial of counsel. *See Thomas v. State,* 286 S.W.3d 109, 114–15 (Tex.App.-Houston [14th Dist.] 2009).[1] However, we sustained appellant's remaining issue after determining he was entitled to a new trial hearing. *See id.* at 115–16. We abated this appeal and remanded to the trial court for a hearing on appellant's motion for new trial. The trial court held a hearing by affidavit on November 9, 2009 and issued findings of fact and conclusions of law denying the motion for new trial on November 10. We then ordered appellant to submit supplemental briefing regarding any issues raised in the new trial hearing.

On December 7, appellant filed a supplemental brief stating as follows: "Appellant's attorney cannot find any additional arguments or points of error after considering the affidavits and evidence considered by the court and in light of the findings made by the trial court after consideration of the affidavits presented at the new trial determination." Accordingly, based on the analysis in our prior abatement order, we affirm the trial court's judgment.

---

1. We incorporate by reference all analysis in this published order, including our rejection of the State's argument that we have no jurisdiction over this appeal. *See id.* at 112–13.