In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00133-CR

                                                ______________________________

 

 

                                 DENNIS WAYNE ROGERS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 241st
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 241-2042-09

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            In
Smith County,[1]
Texas, in July 2009, Heather,[2]
a child, made an outcry that Dennis Wayne Rogers had been sexually abusing
her.  At the time of the alleged abuse,
Rogers was acting as Heather’s stepparent. 
After an investigation, Rogers was indicted for continuous sexual abuse
of a child.  Rogers pled “not
guilty.”  After a jury trial, he was
convicted and sentenced to ninety-nine years’ imprisonment.

            On
appeal, Rogers contends that:  (1) the
State failed to disclose exculpatory and mitigating evidence; (2) the trial
court erred in permitting the State to bolster the victim’s testimony; and (3)
the trial court erred in denying Rogers a requested hearing on his motion for
new trial.

            We
affirm the judgment of the trial court because:  (1) Rogers waived any potential Brady[3] violation; (2) Rogers failed to
preserve the issue of bolstering; and (3) denying Rogers an evidentiary hearing
on his motion for new trial was not an abuse of discretion.

Rogers waived any potential Brady violation

            During
the testimony of the forensic interviewer, Becky Cunio,
it was revealed that Heather had asked her sibling, Karen, another child in
Rogers’ home, if she had ever been abused, but Karen said no.  The investigation report on Heather notes
that she was unsure of the veracity of Karen’s denial.  Based upon these implications, Child
Protective Services (CPS) had previously conducted a video-recorded risk
assessment interview of Karen and determined that no abuse had occurred.  

            The
State had not previously disclosed Karen’s video-recorded interview to Rogers.[4]  After a recess, copies of the video recording
and related documentation were provided to Rogers, and he argued that Karen’s
denial of abuse was exculpatory and that the new information revealed several
potential witnesses that were previously unknown.  

            In
his first point of error on appeal, Rogers contends that the State improperly
failed to disclose exculpatory and mitigating evidence.

            The
State has an affirmative duty under the Due Process Clause to disclose
exculpatory or impeachment evidence that is material to guilt or
punishment.  See generally United States v. Bagley, 473 U.S. 667, 676 (1985); see also Brady, 373 U.S. at 87; Thomas v. State, 841 S.W.2d 399, 407
(Tex. Crim. App. 1992).  Favorable
evidence is “material” if there is a reasonable probability (i.e., a
probability sufficient to undermine confidence in the outcome) that had the
evidence been disclosed to the defense, the result of the proceeding would have
been different.  Thomas, 841 S.W.2d at 404.  When the evidence is disclosed during trial,
however, the materiality question turns on whether the defendant was prejudiced
by the delayed disclosure.  Williams v. State, 995 S.W.2d 754,
761–62 (Tex. App.—San Antonio 1999, no pet.).  Furthermore, when previously withheld evidence
is disclosed at trial, the defendant has an opportunity to request a
continuance.  Id. at 762.  The failure to
request a continuance waives any Brady
violation.  Gutierrez v. State, 85 S.W.3d 446, 452 (Tex. App.––Austin 2002,
pet. ref’d); Williams,
995 S.W.2d at 762.

            After
a copy of the video recording and documentation were provided to Rogers, he
argued that Karen’s denial of abuse was exculpatory and that the information
divulged the names of several potential witnesses.  Due to this development, the court recessed
for the day at around 3:00 p.m., giving Rogers “until 8:30 in the morning to
review all this.”  The next morning,
Rogers’ trial counsel reiterated his objection and made an oral motion, and the
following exchange took place:

            THE
COURT:  . . . . I’m trying to see if I
understand this motion.  You’re making a
motion for additional time.  Is that one
of the motions? 

 

            [Counsel
for Rogers]:  No.  I’m asking for a mistrial, Your Honor.

 

            THE
COURT:  Okay.  That’s what --

 

            [Counsel
for Rogers]:  I’m asking for the appointment
of a special investigator to help find Mr. Mills (sic) and other people.

 

            THE
COURT:  All right.  That motion is denied. 

 

            .
. . . 

 

            THE COURT:  Subject
to me overruling -- having overruled your motion for a mistrial, are you ready
for the jury? 

 

            [Counsel for Rogers]: 
We’re ready. 

 

            Here,
Rogers clearly stated that he was moving for a mistrial, not a
continuance.  Therefore, assuming arguendo that
the State failed to disclose exculpatory or mitigating evidence in violation of
Brady, Rogers waived any potential
violation by failing to request a continuance. 
See State v. Fury, 186 S.W.3d
67, 73–74 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d)
(holding defendant’s failure to request continuance indicates tardy disclosure
of withheld evidence not prejudicial for purposes of claim of Brady violation).  We overrule this point of error.

Rogers failed to preserve the issue of credibility testimony

            In
his second point of error, Rogers argues that the trial court erred by allowing
Patricia Nicola and Nanette Parras (the Sexual
Assault Nurse Examiner (SANE)), to testify about the credibility of Heather’s
allegations.[5]  

            The
determination of admissibility of evidence is within the sound discretion of
the trial court.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op.
on reh’g); see
also Apolinar v. State, 155 S.W.3d 184, 186 (Tex.
Crim. App. 2005).  A trial court abuses
its discretion when its determination is outside the zone of reasonable
disagreement.  Howell v. State, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005).

            “It
is generally improper for a witness to offer a direct opinion as to the
truthfulness of another witness and such opinion is therefore inadmissible
evidence.”  Blackwell v. State, 193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d) (citing Schutz v. State, 957 S.W.2d 52, 59 (Tex.
Crim. App. 1997)).  “A direct opinion on
the truthfulness of the child” is inadmissible. 
Yount v. State, 872 S.W.2d 706, 708 (Tex.
Crim. App. 1993); Sessums v. State, 129 S.W.3d 242, 247 (Tex.
App.—Texarkana 2004, pet. ref’d).  Although an expert may testify to behaviors
and traits that might constitute indicia of manipulation, Schutz, 957 S.W.2d at 59, or that
a child exhibits behavioral characteristics that have been empirically shown to
be common among children who have been abused, Perez v. State, 113 S.W.3d 819, 832 (Tex. App.—Austin 2003, pet. ref’d), a direct comment on a complainant’s “truthfulness”
is “absolutely inadmissible.” Sessums, 129 S.W.3d at 247.  This rule applies to expert and to lay witness
testimony.  Fisher v. State, 121 S.W.3d 38, 41–42 (Tex. App.—San Antonio 2003,
pet. ref’d).  This
type of testimony is inadmissible because it does more than “assist the trier of fact to understand the evidence or to determine a
fact in issue”; it decides an issue for the jury.  Yount, 872 S.W.2d at 709.

            After
Nicola recounted for the jury her recollection of what Heather told her about
the alleged abuse, the State asked whether Nicola believed Heather’s accusations
against Rogers.  Rogers objected on the
grounds that “[t]hat’s not a question she can answer,” “[t]hat’s not a proper
question,” and “[w]hat she believes is way outside the record, and her opinion
is not based upon anything and should not be allowed in here . . . .”  The trial court overruled Rogers’
objections.  The first two objections did
not provide the trial court with a reason that it was not a question she could
answer or why counsel believed that it was not a proper question to ask; the
third rationale seems to center on speculation on the part of the witness.  The objection did not center on the question
of whether the witness could testify as to her personal opinion as to the
veracity of the complainant. 

            Similarly,
after qualifying and establishing Parras as an expert
witness, she testified that she performed the sexual assault examination of
Heather and listened to the child’s account of “what brought [her] into the
ER.”  Rogers contends that the following
portion of Parras’ testimony on direct examination
was inadmissible opinion testimony:

            Q         [State] 
Based on your training and experience, does [Heather’s demeanor and
behavior] give you any concern about the history that she told you?

 

            A         [Parras]  Yes, sir.

 

                        [Counsel
for Rogers]:  Objection, Your Honor.  She’s not qualified to answer that.  She’s a nurse; she’s not a psychologist or
anything. 

 

                        THE COURT:  The Court’s going to overrule the objection
and find that she is qualified to give that answer.  And she may answer the questions.

 

            Q         [State]  And I’ll restate it.  

                        Based
on her a [sic] affect, the fact that she was very quiet, she didn’t want to
talk, she was soft-spoken, she looked down, when you were getting that history,
did it give you any concern about what she was telling you?

 

            A         [Parras]  Yes, sir.

 

            Q         And what was that concern?

 

            A         You could tell something had happened
to this child.  She was reluctant to
relay what had happened to her.

 

            Q         And when you say “something,” ma’am,
what do you mean by that?

 

            A         I believe that she was sexually
assaulted.

 

                        [Counsel
for Rogers]:  Your Honor, I’m going to
object again. She’s not qualified to -- what she believes -- I mean, she’s here
as an expert witness on what she examined. 

 

                        THE COURT:  Based on her answers to the questions asked by
the prosecutor that she’s given, I’m going to overrule the objection . . . .

            

            The
objection raised here is murky.  When
Rogers’ counsel uttered “what she believes,” it makes one wonder if he was
intending to lodge an objection to Parras’ qualifications
to render an expert’s opinion or whether the nature of the objection was that
she was rendering an opinion of her belief in the truthfulness of the child
(i.e., the credibility of the complainant).  Given the objection as voiced, the trial court
would be reduced to speculation as to its nature and its basis.   In order to preserve a complaint or objection
for appellate review, the record must reflect that it was brought to the
attention of a trial court in accord with applicable rules by a timely request,
objection, or motion which specifically sets out the nature of the complaint in
a sufficiently comprehensible manner that it informs the trial court of its
nature and basis and obtained either an adverse ruling or a refusal to rule.  Tex. R.
App. P. 33.1(a).  Accordingly, we
overrule this point of error. 

Denying Rogers an evidentiary hearing on his
motion for new trial was not an abuse of discretion

            In
his final point of error, Rogers argues that the trial court erroneously denied[6]
him an evidentiary hearing on his motion for new trial.  He contends that the motion alleged facts
outside the record that if true, entitled him to relief.

            We
review a trial court’s denial of a hearing on a motion for new trial under an
abuse of discretion standard, in which we reverse only if the decision was so
clearly wrong as to lie outside the zone within which reasonable persons might
disagree.  Gonzales v. State, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010); Smith v. State, 286 S.W.3d 333, 339
(Tex. Crim. App. 2009).  Absent such an
abuse of discretion, an appellate court is not justified in reversing the trial
court’s judgment.  Gonzales, 304 S.W.3d at 842; Smith,
286 S.W.3d at 339.

            Yet,
a hearing on a motion for new trial is mandatory if the motion raises reasonable
issues that cannot be determined from the record.  Martinez
v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002); Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); Thomas v. State, 286 S.W.3d 109, 115
(Tex. App.—Houston [14th Dist.] 2009, no pet.) (hearing required on motion for
new trial asserting “that trial counsel was ineffective in not advising him
regarding whether to agree to a mistrial in his first trial and for not calling
as a witness a family member who he claims was the only eyewitness, which
allowed the prosecutor to argue that appellant had no family members who would
support him at trial”) (citing Stogiera v. State, 191 S.W.3d 194, 200 (Tex. App.—San Antonio
2005, no pet.)).  Such a review

is limited to the trial judge’s determination of
whether the defendant has raised grounds that are both undeterminable from the
record and reasonable, meaning they could entitle the defendant to relief.  This is because the trial judge’s discretion
extends only to deciding whether these two requirements are satisfied.  If the trial judge finds that the defendant
has met the criteria, he has no discretion to withhold a hearing.  In fact, under such circumstances the trial
judge abuses his discretion in failing to hold a hearing.

 

Smith, 286 S.W.3d at 340.

            In
support of his motion for new trial and request for a hearing, Rogers relies on
an affidavit from one of the jurors who sat in his case.  The affidavit stated that during the trial,
it became evident to the juror/affiant that “Rogers was in custody, a fact
likely evident to other jurors as well.” 
The affidavit went on to assert that another juror had told him that
“her mind had been made up from the first time that she saw Mr. Rogers.”  Rogers’ argument that the content of the
affidavit is confounded by Rule 606(b) of the Texas Rules of Evidence, which
states:

Inquiry Into
Validity of Verdict or Indictment.  Upon
an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during
the jury’s deliberations, or to the
effect of anything on any juror’s mind or emotions or mental processes, as influencing any juror’s assent to or
dissent from the verdict or indictment.  Nor may a juror’s affidavit or any statement
by a juror concerning any matter about which the juror would be precluded from
testifying be admitted in evidence for any of these purposes.  However, a juror may testify:  (1) whether any outside influence was
improperly brought to bear upon any juror; or (2) to rebut a claim that the
juror was not qualified to serve.

 

Tex.
R. Evid. 606 (emphasis added).  Although the affidavit upon which Rogers
bases his motion for new trial raises issues clearly outside the record, it is
clearly reliant on the fact that the juror had become aware that Rogers was in
custody[7]
and on the assertion that another juror had told the affiant that her decision
was based upon Rogers’ appearance.  In
both instances, such evidence patently attempts to explore the impact of
certain things on jurors’ minds, emotions, or mental processes which influenced
those jurors in arriving at the jury’s verdict. 
As such, it is not competent evidence, specifically barred by Rule 606.  Since this was the sole evidentiary basis for
Rogers’ motion for new trial, the trial court was within its discretion to deny
an evidentiary hearing on that motion.  Accordingly,
we overrule this point of error.

            We affirm the judgment.  

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          June 23, 2011

Date Decided:             August 18, 2011

 

Do Not
Publish 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (West 2005).  We are unaware of
any conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]The
two children’s names in this opinion have been replaced with the pseudonyms
Heather and Karen, respectively.

 





[3]Brady v. Maryland, 373 U.S. 83 (1963).





[4]It
is disputed whether Rogers had prior notice that such an interview and
assessment of Karen had occurred. 





[5]On
appeal, this objection is labeled as “bolstering,” though it is properly cited
and argued as testimony regarding witness credibility.  





[6]The
motion was overruled by operation of law. 
See Tex. R. App. P. 21.8(a), (c).





[7]One
must infer that Rogers believes that the knowledge by jurors that Rogers was in
custody had some fatally deleterious impact on the jurors’ ability to
impartially determine his guilt.