



## MEMORANDUM OPINION

Nos. 04-10-00738-CR, 04-10-00739-CR & 04-10-00790-CR

Edward **HENDRICKS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2009CR7144B, 2009CR7145B & 2009CR7143B
Honorable Dick Alcala, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 18, 2012

AFFIRMED; AFFIRMED AS REFORMED

Edward Hendricks was convicted of three counts of aggravated robbery as a repeat

offender.  On appeal, Hendricks asserts (1) the indictments are fundamentally defective or void

because they are based on invalid complaints; (2) the judgment in trial court cause number

2009CR7143B contains language inconsistent with the directed verdict of acquittal granted by

the trial court; (3) his convictions were barred by double jeopardy; and (4) the trial court erred in

failing to appoint counsel to represent him post-judgment in filing a motion for new trial.[1]  We reform the judgment in trial court cause number 2009CR7143B to consistently reflect that Hendricks was acquitted in that cause, and we affirm the trial court's judgment in that cause as reformed.  The trial court's judgments in the other two cause numbers are affirmed.

## PROCEDURAL BACKGROUND

Indictments were returned in each of the underlying trial court cause numbers charging Hendricks with three counts of aggravated robbery as a repeat offender in each cause, for a total of nine counts.  Each of the nine counts alleged a different victim.  The State elected to proceed on only one count in trial court cause numbers 2009CR7143B and 2009CR7144B and on two counts in trial court cause number 2009CR7145B.  The three causes were tried together.  After the close of the State's evidence, the trial court granted a directed verdict of acquittal in trial court cause number 2009CR7143B.  The jury convicted Hendricks of the remaining counts, and Hendricks was sentenced in accordance with the jury's verdict.

## INDICTMENTS

In his first issue, Hendricks asserts that the indictments were fundamentally defective because the record does not contain valid complaints.  Hendricks argues that a valid complaint is a prerequisite to a valid indictment.

"If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal . . . ."  TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).  In addition to raising the objection before trial, the defendant must also obtain a ruling on the objection in order to preserve error for appellate review.  *See Neal v. State*, 150 S.W.3d 169, 175–76 (Tex. Crim.

---

[1] At trial and on appeal, Hendricks insisted on his right to self-representation.

App. 2004); *see also* TEX. R. APP. P. 33.1(a). Although the record contains a motion to quash filed by Hendricks, the record does not indicate that Hendricks obtained a ruling on his motion before trial.

Even if Hendricks had preserved his claim of error, we would overrule his first issue. "A grand jury indictment is different from either an information or a warrant." *Ferguson v. State*, 335 S.W.3d 676, 681 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Before returning an indictment, the grand jury considers the charge provided by the prosecutor. *Id.* "The grand jury is obligated to consider whether the charge is substantially pleaded before the prosecutor can charge anyone with the crime." *Id.* at 681–82. "An 'information' is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted." TEX. CODE CRIM. PROC. ANN. art. 21.20 (West 2009); *accord Ferguson*, 335 S.W.3d at 682. Because there is no requirement that a court or grand jury review an information, "the prosecutor must provide some credible reason to bring the charges." *Ferguson*, 335 S.W.3d at 682. Hence, an affidavit made by a credible person must be filed with an information. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 21.22. "There is no statutory requirement for a prosecutor to file a complaint before a grand jury issues an indictment." *Ferguson*, 335 S.W.3d at 682. Accordingly, Hendricks's argument in his first issue is without merit. *See id.*

## ACQUITTAL IN CAUSE 2009CR7143B

In his second issue, Hendricks asserts the trial court erred in making it appear as if he was convicted in trial court cause number 2009CR7143B. The State concedes and the record reflects that the trial court granted a directed verdict of an acquittal in that cause. Although the written judgment in cause number 2009CR7143B accurately reflects under "Verdict of the Jury" that a

directed verdict was granted, the judgment states Hendricks was convicted of aggravated robbery and sentenced to ninety-nine years imprisonment.

When there is a conflict between the trial court's oral pronouncement and the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The solution in such a case is to reform the written judgment to conform to the oral pronouncement. *Thompson*, 108 S.W.3d at 290. Accordingly, we reform the written judgment in cause number 2009CR7143B to reflect that Hendricks was not convicted of any offense in that cause and no sentence was imposed.

### DOUBLE JEOPARDY

In his third and fourth issues, Hendricks complains that his convictions in trial court cause numbers 2009CR7144B and 2009CR7145B violated double jeopardy principles because he was acquitted in cause number 2009CR7143B.[2] As previously noted, however, each of the counts with which Hendricks was charged alleged a different victim. In Texas, robbery is considered a form of assault, and the allowable unit of prosecution for an assaultive offense is each victim. *Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999). Accordingly, the Double Jeopardy Clause is not violated for multiple prosecutions for robbery when multiple assaults of different victims are committed in the course of only one theft. *Id.* at 561. In such a case, the offenses are not the "same" for double jeopardy purposes because the allowable units of prosecution are different. *Id.*; *see also Lopez v. State*, 108 S.W.3d 293, 295–96 (Tex. Crim. App. 2003) (noting that the Double Jeopardy Clause protects against: (1) "second prosecution for the

---

[2] Although Hendricks refers to the term "res judicata" in his third issue and "double jeopardy" in his fourth issue, res judicata applies primarily in civil proceedings, serving some of the same purposes and principles as double jeopardy does in the criminal context. *Ex parte Watkins*, 73 S.W.3d 264, 267 & n.7 (Tex. Crim. App. 2002).

same offense after acquittal"; (2) "second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense").

In *Hawkins*, the Texas Court of Criminal Appeals revisited the question, "how many robbery prosecutions may be brought when an actor assaults more than one person in the course of stealing one item of property." *Ex parte Hawkins*, 6 S.W.3d at 554. The court held, "Prosecuting the applicant twice for robbery did not violate the Double Jeopardy Clause of the Fifth Amendment because the allowable unit of prosecution for robbery is each victim, and he assaulted two victims in the course of committing a theft." *Id.* at 561. Similarly, the Double Jeopardy Clause was not violated in the instant case because Hendricks was charged with assaulting a different victim in each count for which he was convicted and those victims were not the same victim who Hendricks was acquitted of assaulting. Hendricks's third and fourth issues are overruled.

## RIGHT TO COUNSEL

In his fifth issue, Hendricks contends his right to counsel was violated because the trial court did not appoint counsel to assist him in filing his motion for new trial. Hendricks is correct in asserting that the period "for filing a motion for new trial is a critical stage of the proceedings, and [he had] a constitutional right to counsel during that period." *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). Although appellate counsel was appointed to represent Hendricks on October 14, 2010, when four days remained of the thirty-day period in which appellate counsel could have amended the pro se motion for new trial filed by Hendricks without leave of court, the trial court denied the pro se motion on October 5, 2010, precluding such an amendment. *See* TEX. R. APP. P. 21.4(b).

In order to be entitled to a reversal, however, Hendricks had to establish that the deprivation of counsel during this period resulted in harm. *See Cooks*, 240 S.W.3d at 911. In order to establish harm, Hendricks was required to identify a "facially plausible claim" that could have been presented by appellate counsel in the motion for new trial. *Id.* at 911–12. In this case, Hendricks "offers no explanation as to how he was harmed, for example, by showing how his motion for new trial would have been different had he had counsel or what arguments he would have made on appeal that he was prohibited from making as a result."[3] *See Thomas v. State*, 286 S.W.3d 109, 115 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Accordingly, we hold the denial of appellate counsel did not harm or prejudice Hendricks.

## CONCLUSION

The trial court's judgment in cause number 2009CR7143B is reformed to reflect that Hendricks was not convicted of any offense and no sentence was imposed in that cause, and the judgment is affirmed as reformed. The trial court's judgments in cause numbers 2009CR7144B and 2009CR7145B are affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH

---

[3] In his first reply brief, Hendricks states that he "holds an affidavit in his possession as well as concrete evidence of perjury by one of the witnesses at his trial." This conclusory statement, however, does not establish reasonable grounds to believe Hendricks could establish a facially plausible claim. *See Cooks*, 240 S.W.3d at 912. Furthermore, in order to establish reversible error, Hendricks would be required to show that "the prosecutor knowingly used perjured testimony and the reviewing court cannot determine beyond a reasonable doubt that the testimony was harmless." *Vasquez v. State*, 67 S.W.3d 229, 239 & n.19 (Tex. Crim. App. 2002). Hendricks does not even allude to this possible showing in his reply brief.