**VACATE, AFFIRM, and REMAND; and Opinion Filed May 6, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00250-CR

No. 05-18-00251-CR

**CHRISTOPHER ROGERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-550150-Q, F17-34648-Q**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

This is a consolidated appeal of two cases in which appellant Christopher Rogers was convicted of possession of methamphetamine and possession with intent to deliver methamphetamine. In four issues, appellant asserts (1) the sentence imposed in his possession case is beyond the applicable punishment range; (2) his indictment in the intent to deliver case was not properly amended, precluding consideration of prior convictions for enhancement purposes; and his (3) plea of true in the possession case and (4) plea of guilty in the intent to deliver case were rendered involuntary because he was not properly admonished as to the correct ranges of punishment. With respect to the possession case, we affirm appellant's conviction, vacate his sentence, and remand the case to the trial court for a new hearing on punishment. With respect to the intent to deliver case, we affirm the trial court's judgment. Because all issues are settled in

law, we issue this memorandum opinion.  TEX. R. APP. P. 47.4.

**BACKGROUND**

Appellant was charged by indictment with the third-degree felony offense of possession of methamphetamine in an amount of 1 gram or more but less than 4 grams, enhanced by a prior conviction.  The offense was alleged to have occurred on May 26, 2016.  On February 23, 2017, the trial court granted the State's motion to strike the enhancement paragraph and appellant entered a negotiated plea of guilty.  The trial court accepted appellant's plea and, in accordance with the terms of the plea agreement, placed appellant on four years' deferred-adjudication probation.  The trial court imposed conditions of probation.  On June 22, 2017, the State moved to revoke appellant's probation and to proceed with an adjudication alleging appellant had violated various conditions of his probation.

In addition, while appellant was on probation, he was charged by indictment with the first-degree felony offense of possession with intent to deliver methamphetamine in an amount of 4 grams or more but less than 200 grams, enhanced by a prior conviction in 1988 for burglary of habitation.  The possession with intent to deliver offense was alleged to have occurred on September 11, 2017.  On January 18, 2018, the State gave appellant notice that it intended to enhance the punishment range using two prior burglary of habitation convictions that occurred in 1992 and 1995.[1]  On January 19, 2018, the State moved to strike the enhancement for the 1988 burglary conviction and replace it with the 1992 and 1995 burglary convictions.   The trial court granted the State's motion the same day.

On January 29, 2018, appellant appeared before the trial court in both cases.  In the possession case, appellant pleaded true to the allegations in the State's motion to adjudicate.  In

---

[1] The notice referenced appellants conviction of the felony offense of burglary of habitation in the 158th judicial district court of Denton County in Cause Number F95-0184-B on the 17th day of October, 1995, and conviction of the felony offense of burglary of a habitation in the 204th district court of Dallas County in Cause Number F89-87924 on the 26th day of March, 1992.

the intent to deliver case, appellant entered an open plea of guilty to the charged offense and pleaded true to the two enhancement paragraphs.

On February 28, 2018, appellant appeared before the trial court for punishment in the two cases. In the possession case, the trial court accepted appellant's plea of true to the allegations in the State's motion to adjudicate, found him guilty of the charged offense, revoked his probation, and sentenced him to 20 years' confinement. In the intent to deliver case, the trial court accepted appellant's open plea of guilty and his plea of true to the enhancement paragraphs, convicted him of the charged offense, and sentenced him to 25 years' confinement. The trial court ordered the sentences to run concurrently.

**DISCUSSION**

## I. Possession Case

In his first issue, appellant contends the trial court improperly assessed punishment in the possession case because the court imposed a sentence that was outside the applicable range. The State agrees. When the trial court revoked appellant's probation and adjudicated appellant's guilt, it assessed punishment as if the enhancement paragraph that was originally in the indictment was still in effect. Had appellant's possession offense been subject to enhanced punishment, this offense would have been elevated to a second-degree felony for which the punishment range is 2 to 20 years. TEX. PENAL CODE ANN. § 12.33(a). But the State had previously struck the enhancement paragraph and did so prior to appellant entering his plea of guilty and as part of the plea agreement. Consequently, appellant's offense was a third-degree felony and not a second-degree felony. The range of punishment for a third-degree felony is 2 to 10 years' confinement, not 2 to 20 years. *Id.* § 12.34(a). Consequently, appellant's 20 year sentence in the possession case is outside the applicable range of punishment. A sentence that is outside the statutory range of punishment for the offense is unauthorized by law and, thus, illegal. *Mizell v. State*, 119 S.W.3d

–3–

804, 806 (Tex. Crim. App. 2003). Because appellant's sentence in the possession case is illegal, the trial court erred in assessing punishment in that case. We sustain appellant's first issue.

II.    Intent to Deliver Case

In his second and third issues, appellant contends the trial court did not effectively amend the indictment to add the 1992 and 1995 burglary convictions as enhancement paragraphs and, thus, he was erroneously admonished on the range of punishment making his plea of guilty to the intent to deliver offense involuntary.

Appellant relies on articles 28.10 and 28.11 of the code of criminal procedure to support his claim the amendment to the indictment was ineffective. Articles 28.10 and 28.11 provide the guidelines for amending an indictment or information. TEX. CODE CRIM. PROC. ANN. arts. 28.10, 28.11. More particularly, article 28.10 provides:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
>
> (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

*See id.* 28.10. Article 28.11 provides, "[a]ll amendments of an indictment or information shall be made with the leave of the court and under its direction. *Id.* art. 28.11.

An enhancement allegation that is not part of the State's case-in-chief is not part of the "substance" of the indictment. *Choice v. State*, Nos. 05-11-00629-CR, 05-11-00630-CR, 2012 WL 3104676, at *3 (Tex. App.—Dallas July 31, 2012, pet. ref'd) (not designated for publication); *Thomas v. State*, 286 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing

–4–

*Stautzenberger v. State*, 232 S.W.3d 323, 327 (Tex. App.—Houston [14th Dist.] 2007, no pet.)).

Thus, articles 28.10 and 28.11 do not apply to the amendment of enhancement allegations in the indictment. *Choice*, 2012 WL 3104676, at *3; *Thomas*, 286 S.W.3d at 114.

While prior convictions used for enhancement purposes must be raised in some form, they need not be pleaded in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). When the State moves to amend the enhancement allegations and the trial court grants the motion, the requisite notice has been provided. *Davis v. State*, No. 05-14-00378-CR, 2015 WL 1542211, at *7 (Tex. App.—Dallas Apr. 2, 2015, no pet.) (mem. op., not designated for publication) (citing *Brooks*, 957 S.W.2d at 34)).

While the State was required to give appellant notice of its intent to enhance his punishment, the State was not required to plead enhancement paragraphs in the indictment. The State's motion to amend the indictment to remove the 1988 burglary conviction and add the 1992 and 1995 burglary convictions, which the trial court granted, provided notice to appellant that the State intended to use these convictions to enhance his punishment. *See Davis*, 2015 WL 1542211, at *7. The trial court and the State were not required to return to and also physically amend the indictment. *Id.* In addition to the foregoing, the State gave appellant notice of its intent to use his 1992 and 1995 burglary convictions to enhance punishment via its January 18, 2018 Notice of the State's Intent to Enhance Punishment Range. This notice also satisfied the requirement articulated in *Brooks* that the enhancement had to be pleaded somewhere. *See Villescas v. State*, 189 S.W.3d 290, 291, 295 (Tex. Crim. App. 2006).

Because articles 28.10 and 28.11 were not applicable, and because appellant was given sufficient notice of the State's intent to enhance his punishment with the 1992 and 1995 burglary convictions, we overrule appellant's second issue. We similarly overrule appellant's third issue because appellant was correctly admonished on the range of punishment that would apply should

the two enhancement paragraphs be found true prior to entering his guilty plea to the intent to deliver offense.[2] *See Luckett v. State*, 394 S.W.3d 577, 581 (Tex. App.—Dallas 2012, no pet.).

III.    Admonishment

In his fourth issue, appellant asserts his plea of true to the allegations in the revocation proceeding concerning the possession offense was involuntary because he was not properly admonished as to the correct range of punishment.

A trial court is required to admonish a defendant of the range of punishment attached to an offense before the defendant enters a plea of guilty or *nolo contendere*. *See* CRIM. PROC. art. 26.13(a)(1). The record before us reflects that appellant was admonished, in writing, before he entered his *plea of guilty* to the possession offense, that the punishment range for the offense was 2 to 10 years' confinement. That was the correct punishment range for this offense without enhancement. PENAL § 12.34(a). Consequently, appellant was properly admonished before he entered his guilty plea.

While the trial court commented during the revocation proceeding that it believed the range of punishment for the possession offense is from 2 to 20 years, it did so after it accepted appellant's plea of true to violations of the terms of his probation. Consequently, the trial court's statements could not have impacted appellant's plea decision. Moreover, the admonishment requirements of article 26.13 do not apply in revocation proceedings, where the trial court determines whether a probation violation has occurred and, if so, proceeds to punishment. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003).

Accordingly, we overrule appellant's fourth issue.

---

[2] The trial court admonished appellant that if he pleaded guilty to the possession with intent to deliver charge and true to the two enhancement paragraphs the range of punishment would be 25 to 99 years or life confinement. This was the correct punishment range. *See* PENAL § 12.42(d).

**CONCLUSION**

We affirm the trial court's judgment in appellant's intent to deliver case (Cause Number F17-34648). We affirm the portion of the trial court's judgment in the possession case (Cause Number F16-55015) with respect to appellant's conviction, we vacate the portion of the trial court's judgment in the possession case with respect to appellant's sentence, and remand the possession case to the trial court for a new punishment hearing.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

180250F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER ROGERS, Appellant

No. 05-18-00250-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-34648-Q.
Opinion delivered by Justice Schenck.
Justices Brown and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of May, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHRISTOPHER ROGERS, Appellant

No. 05-18-00251-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-550515-Q.
Opinion delivered by Justice Schenck.
Justices Brown and Pedersen, III participating.

Based on the Court's opinion of this date, the portion of the judgment of the trial court with respect to Christopher Rogers' conviction is **AFFIRMED**, the portion of the judgment with respect to Christopher Rogers' sentence is **VACATED**, and the cause **REMANDED** for a new punishment hearing.

Judgment entered this 6th day of May, 2019.