NO. 07-06-0191-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 16, 2007

_____

LINDSEY DWAIN JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,105-E; HON. ABE LOPEZ, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Lindsey Dwain Johnson, a felon, appeals his conviction for a felon unlawfully possessing a firearm. His two issues on appeal concern the propriety of an oral amendment to an enhancement paragraph in the indictment. He contends that because the actual wording of the paragraph in the indictment was not physically altered, the amendment was invalid, and the trial court could not include the modification in its charge to the jury. We affirm the judgment.

Through enhancement paragraph one of the indictment, the State alleged that appellant had been convicted of felonious stealing in Missouri on May 15, 1991. The actual year of conviction, however, was 1981. The State sought to correct the error by orally moving to amend the paragraph and incorporate the true date. The motion was granted but nothing was written on the indictment itself, or a copy of it, memorializing the change.

Statute provides for the means of amending an indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006) (specifying how an indictment must be amended). It is the purported failure to comply with that provision which underlies both of appellant's issues. Moreover, we note that authority holds an oral motion to amend coupled with the trial court's decision to grant it falls short of a valid amendment under art. 28.10. Instead, the two acts, when combined, simply grant permission to undertake an amendment. *Riney v. State,* 28 S.W.3d 561, 566 (Tex. Crim. App. 2000); *Valenti v. State,* 49 S.W.3d 594, 597 (Tex. App.– Fort Worth 2001, no pet.). The actual amendment occurs when the charging instrument (or a copy of it) is physically altered by the insertion or deletion of language on the face of the document. *See Riney v. State,* 28 S.W.3d at 565-66 (finding it acceptable for the State to offer an amended version of a photocopy of the indictment); *Valenti v. State,* 49 S.W.3d at 597-98 (holding that the physical interlineation of the written order granting the motion to amend in which the language of the original indictment was produced was sufficient to amend the indictment). As mentioned earlier, the record before us contains no written alteration to the indictment or any similar document.

2

Yet, authority also holds that while prior convictions used for enhancement purposes must be pled in some form, they need not be pled in the indictment. *Villescas v.* State, 189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006); *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). So too are we told not only that the deletion of surplusage from an indictment falls outside the requirements of art. 28.10 but also that surplusage encompasses language unessential to the validity of the indictment. *Kenley v. State*, No. 2-06-0127-CR, 2006 at *22 Tex. App. LEXIS 8864 (Tex. App.–Fort Worth October 12, 2006, no pet.). Since enhancement paragraphs need not be pled in the indictment, it logically follows that they are unessential to the validity of the indictment and comparable to surplusage for purposes of art. 28.10. As a result, we conclude that modifying the date in the enhancement paragraph here does not implicate art. 28.10, and, therefore, the trial court did not violate the terms of that provision.[1]

We affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Publish.

---

[1]Appellant does not complain about lacking notice of the substance of the change; thus, we do not consider that matter or its peripheral issues.