NUMBER 13-10-00625-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

CHARLES JOHNSON,                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                         
Appellee.

                                                                                                                     
  

 

On appeal from the 156th
District Court 

of Bee County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                                            

            Appellant Charles Johnson, pro se, challenges
his conviction by a jury for possession of a prohibited substance in a
correctional facility.  See Tex.
Penal Code Ann. § 38.11(d)(1) (West Supp. 2010).  On appeal, Johnson
argues that the trial court erred in allowing the State, over Johnson's
objection, to amend the indictment on the day of trial.  We affirm.

I. 
Background

 

            Johnson was indicted for possession of
marihuana while in a correctional facility.  See id.  The indictment
contained an enhancement paragraph noting that Johnson was previously
"convicted of the felony offense of Capital Murder."  Johnson pleaded
not guilty to the offense, and the case proceeded to trial.  On the day of
trial, before the empanelling of the jury and voir dire, the State moved to
amend the enhancement paragraph of the indictment to reflect that Johnson's
prior felony conviction was for attempted capital murder.[1] 
Johnson, who represented himself at trial, objected to the amendment, arguing
that the State was prohibited from amending the indictment on the day of
trial.  The trial court overruled Johnson's objection and granted the State's
motion to amend the enhancement paragraph.  The jury then convicted Johnson,
sentenced him to eight years' incarceration, and the court ordered the sentence
to run consecutively with his underlying sentence for attempted capital
murder.  This appeal followed.

II. 
Discussion

 

            By two issues, which we consider as one,
Johnson urges us to reverse his conviction because, on the day of trial, the trial
court allowed the State to amend the enhancement portion of the indictment
despite Johnson's objection, which he contends violated article 28.10 of the
code of criminal procedure.  See Tex.
Code Crim. Proc. Ann. art. 28.10 (West 2006).  Article 28.10 provides as
follows:

(a)       After
notice to the defendant, a matter of form or substance in an indictment or
information may be amended at any time before the date the trial on the merits
commences.  On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the
defendant, to respond to the amended indictment or information.

 

(b)       A
matter of form or substance in an indictment or information may also be amended
after the trial on the merits commences if the defendant does not object.

 

(c)        An
indictment or information may not be amended over the defendant's objection as
to form or substance if the amended indictment or information charges the
defendant with an additional or different offense or if the substantial rights
of the defendant are prejudiced.

 

Id.  

However, enhancements need not be pled
in the indictment to be effective.  See Johnson v. State, 214
S.W.3d 157, 158 (Tex. App—Amarillo 2007, no pet.) (citing Villescas v. State,
189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006); Brooks v. State, 957
S.W.2d 30, 34 (Tex. Crim. App. 1997)).  As such, their inclusion in the
indictment is mere surplusage, and changes to the surplusage parts of an
indictment fall outside the scope of article 28.10.  See id. (citations
omitted).  In other words, article 28.10's prohibition against day-of-trial
amendments does not apply to amendments to enhancement paragraphs.  See id.
at 158-59; see also Thomas v. State, 286 S.W.3d 109, 114 (Tex.
App.—Houston [14th Dist.] 2009, no pet.) (holding that the enhancement
allegation is not part of the State's case-in-chief, is therefore not part of
the "substance" of the indictment, and for that reason, article 28.10
does not apply to the amendment of enhancement paragraphs); Cuvillier v.
State, No. 13-99-00662-CR, 2001 WL 715877, at *1 (Tex. App.—Corpus Christi
June 21, 2001, no pet.) (mem. op., not designated for publication) (holding
that changes to enhancement paragraphs are "not [] amendment[s] subject to
article 28.10").  In this case, then, the State was permitted to amend the
enhancement paragraph of Johnson's indictment on the day of trial, regardless
of Johnson's objection, and the trial court did not err in allowing the State
to amend the indictment in this regard over Johnson's objection.  Johnson's
issue is overruled.

IV. 
Conclusion

 

            We affirm the judgment of the trial court.

            

                                                                                                            

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the

18th day of August,
2011.

                                                                                                                                                            









[1]
Johnson agreed that his earlier conviction was for attempted capital murder,
not capital murder as originally alleged in the indictment.