

# NUMBER 13-10-00625-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CHARLES JOHNSON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 156th District Court of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Charles Johnson, pro se, challenges his conviction by a jury for possession of a prohibited substance in a correctional facility. *See* TEX. PENAL CODE ANN. § 38.11(d)(1) (West Supp. 2010). On appeal, Johnson argues that the trial court erred in allowing the State, over Johnson's objection, to amend the indictment on the day of trial. We affirm.

## I. Background

Johnson was indicted for possession of marihuana while in a correctional facility. *See id.* The indictment contained an enhancement paragraph noting that Johnson was previously "convicted of the felony offense of Capital Murder." Johnson pleaded not guilty to the offense, and the case proceeded to trial. On the day of trial, before the empanelling of the jury and voir dire, the State moved to amend the enhancement paragraph of the indictment to reflect that Johnson's prior felony conviction was for attempted capital murder.[1] Johnson, who represented himself at trial, objected to the amendment, arguing that the State was prohibited from amending the indictment on the day of trial. The trial court overruled Johnson's objection and granted the State's motion to amend the enhancement paragraph. The jury then convicted Johnson, sentenced him to eight years' incarceration, and the court ordered the sentence to run consecutively with his underlying sentence for attempted capital murder. This appeal followed.

## II. Discussion

By two issues, which we consider as one, Johnson urges us to reverse his conviction because, on the day of trial, the trial court allowed the State to amend the enhancement portion of the indictment despite Johnson's objection, which he contends violated article 28.10 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006). Article 28.10 provides as follows:

> (a)   After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days,

---

[1] Johnson agreed that his earlier conviction was for attempted capital murder, not capital murder as originally alleged in the indictment.

2

> or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b)　A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
>
> (c)　An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

*Id.*

However, enhancements need not be pled in the indictment to be effective. *See Johnson v. State*, 214 S.W.3d 157, 158 (Tex. App—Amarillo 2007, no pet.) (citing *Villescas v. State*, 189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006); *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997)). As such, their inclusion in the indictment is mere surplusage, and changes to the surplusage parts of an indictment fall outside the scope of article 28.10. *See id.* (citations omitted). In other words, article 28.10's prohibition against day-of-trial amendments does not apply to amendments to enhancement paragraphs. *See id.* at 158-59; *see also Thomas v. State*, 286 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that the enhancement allegation is not part of the State's case-in-chief, is therefore not part of the "substance" of the indictment, and for that reason, article 28.10 does not apply to the amendment of enhancement paragraphs); *Cuvillier v. State*, No. 13-99-00662-CR, 2001 WL 715877, at *1 (Tex. App.—Corpus Christi June 21, 2001, no pet.) (mem. op., not designated for publication) (holding that changes to enhancement paragraphs are "not [] amendment[s] subject to article 28.10"). In this case, then, the State was permitted to amend the enhancement paragraph of Johnson's indictment on the day of trial, regardless of Johnson's objection,

3

and the trial court did not err in allowing the State to amend the indictment in this regard over Johnson's objection. Johnson's issue is overruled.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of August, 2011.