

| PETER CISNEROS, | § | No. 08-20-00043-CR |
| Appellant, | § | Appeal from the |
| v. | § | 22nd District Court |
| THE STATE OF TEXAS, | § | of Hays County, Texas |
| Appellee. | § | (TC# CR-18-0168-A) |

## **O P I N I O N**

Appellant Peter Cisneros was convicted by a jury of the offense of driving while intoxicated, subsequent offense.[1] For punishment-enhancement purposes, the State further alleged Appellant had twice previously been convicted of felony offenses. Following a punishment hearing, the jury found the two enhancement allegations to be true and imposed a 30-year sentence of confinement. On appeal, Appellant asserts the punishment evidence was insufficient to support the jury's findings as to the two enhancement paragraphs given (1) said paragraphs were incorrectly sequenced as to each other; and (2) the trial court later submitted a jury charge that corrected the sequence—such that the sequence of the corrected charge varied from the indictment—and by submitting the charge in the form presented, the trial court impliedly amended the indictment over his objection. Finding no error, we affirm.[2]

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(b).

[2] As this case was transferred from the Third Court of Appeals, our sister court in Austin, we decide it in accordance with the precedent of that court to the extent there is a conflict with our own precedent. TEX. R. APP. P. 41.3.

## BACKGROUND

On June 9, 2017, around 4 or 5 a.m., Angel Silva was driving into work when he saw a truck parked in the middle of the road. Focused on getting to work, Silva simply drove around the obstacle and proceeded onwards. About an hour later, after readying his equipment for his day, he drove past the area where he had earlier seen the parked truck and saw it remained in the roadway. Silva stopped and, as he approached the vehicle, he noticed the headlights were on and the engine was running. Looking in a window, he saw two men leaned over who appeared to be asleep. Silva tapped on the window; but got no response. Being concerned about their welfare and seeing a growing backup of cars on the roadway, Silva called 911.

Deputy Daniel Weber of the Hays County Sheriff's Office testified he was dispatched that morning to an incident involving a suspicious vehicle stopped with its engine on in the middle of Yarrington Road. When he arrived on scene, he saw a black pickup truck stopped in the eastbound lane of the roadway. The truck's engine was still running, its lights were on, and the keys were still in the ignition. Two individuals could be seen sleeping in the driver's seat and the front passenger seat.

Before attempting to wake the individuals, he and the assisting officer parked a patrol car on both sides of the truck. With the engine still running, they wanted to minimize any damage that could occur should the driver suddenly step on the gas pedal upon being awakened. When Deputy Weber knocked on the window, the driver awoke and tried exiting the vehicle without removing his seat belt. The driver, later identified as Appellant, told Deputy Weber he did not know how he got to where he was then located. Based on Appellant's responses, his slurred speech, the smell of alcohol coming from the interior of the truck, and his red, blood-shot eyes, Deputy Weber then initiated a DWI investigation.

2

Appellant revealed he had earlier been at several bars on Sixth Street and consumed around five 12-ounce beers. Deputy Weber testified Appellant appeared to be confused at that point, as he could not correctly remember his age, the current date, or the name of the President. Appellant also claimed he did not know who had been driving the truck. Deputy Weber then initiated standard field sobriety testing (SFST) of Appellant.

After conducting a horizontal gaze nystagmus test, Deputy Weber observed two out of a possible six clues on Appellant. On that basis, he concluded Appellant passed that test. For safety reasons, however, he decided he was not then able to perform the other two standard field-sobriety tests and opted, instead, to conduct them away from the roadway. He then arrested Appellant on a charge of obstruction of a roadway and transported him to the jail. Upon arriving at the facility, he read Appellant his rights. Appellant indicated he understood those rights and wished to speak with Deputy Weber.

At the jail, Deputy Weber repeated the SFST's sequence, beginning again with the HGN test. With controlled lighting, he was better able to make observations. Appellant initially did not focus on the required stimulus. After instructions were repeated, Deputy Weber concluded Appellant had failed the test; he explained Appellant exhibited all six clues. Deputy Weber further stated Appellant had likely failed to similarly focus on the stimulus when he conducted the HGN test on the side of the roadway. He explained, however, that such failure would have been hard to detect, and correct, given the lighting conditions of the roadway. As for the other tests, Appellant declined the walk-and-turn and one-leg stand tests citing football injuries to both knees. Instead, Deputy Weber had him perform the finger-count test, which he failed to perform satisfactorily.

With regard to providing a breath sample, Appellant refused the request. Deputy Weber testified that because Appellant had been cooperative up to that point, he decided he would not

3

pursue a warrant for a blood test. At the time, he felt it was unnecessary to force Appellant to undergo a blood draw; further explaining, at that time of day, it would have taken one to two hours to obtain a warrant. Deputy Weber further testified he knew alcohol dissipated over time. Based on the totality of his investigation, Deputy Weber testified he added a charge of driving while intoxicated to the charge of roadway obstruction.

Later, Appellant was indicted by a grand jury for driving while intoxicated, subsequent offense. *See* TEX. PENAL CODE ANN. § 49.09(b). As a jurisdictional enhancement, the indictment further presented that, prior to the commission of the offense charged, Appellant had been convicted of two offenses related to the operation of a motor vehicle while intoxicated, as follows: (1) on February 15, 1989, a conviction in cause number 88-CCR-0005327-A, in the County Court at Law Number One of Cameron County, Texas; and (2) on June 19, 1990, a conviction in cause number 89-CCR-0005334-B, in the County Court at Law Number Two of Cameron County, Texas.

At trial, in addition to providing testimony from Deputy Weber and third-party witness Silva, the State admitted portions of video footage from Deputy Weber's body camera. Moreover, Appellant stipulated to having been twice previously convicted of driving while intoxicated. Appellant brought forth no witnesses in its case-in-chief. Instead, he argued that, even though he willingly admitted to having two prior driving while intoxicated convictions, the State had not proven he was intoxicated in this latest case, as the admitted video from the State showed he was not stumbling and was capable of conversing with the officer. At the conclusion of the guilt-innocence portion of the trial, the jury returned a unanimous guilty verdict.

As punishment enhancement allegations, the indictment further presented two paragraphs: (1) that, on July 24, 2001, Appellant had been convicted of a felony offense of Driving While

Intoxicated Third or More, in the 404th Judicial District Court of Cameron County, Texas, and said conviction became final prior to the commission of the offense alleged in the indictment (Paragraph A); and (2) that, on December 19, 2008, Appellant had been convicted of a felony offense of Possession of Marihuana, five pounds or less but more than four ounces, in the 404th Judicial District Court of Cameron County, Texas, and said conviction became final prior to the commission of the offense alleged in Enhancement Paragraph A (Paragraph B). At the conclusion of the punishment portion of trial, the jury found the State's enhancement allegations to be true and imposed a 30-year sentence of confinement in the Texas Department of Criminal Justice Institutional Division.

This appeal followed.

## DISCUSSION

### *Issues on Appeal*

On appeal, Appellant argues three issues generally asserting a variance in proof at trial precluded a jury finding on punishment enhancements. In the first issue, Appellant argues the evidence was insufficient to support a finding of two prior felony convictions in the sequence alleged in the indictment. In the second issue, Appellant argues the trial court erred by submitting a jury charge that varied from the indictment. In the third issue, Appellant argues the trial court erred by effectively amending the indictment during trial and over defense objection.

Because all three issues are related, we address them together.

### *Background*

At the start of the punishment phase of trial, the State read the following two enhancement paragraphs from the remaining portion of the indictment:

And it is further presented that the Defendant, Peter Cisneros, was duly and legally convicted of a felony less than capital, to-wit: on or about the 24th day of July, 2001, in

5

the 404th District - - excuse me - - 404th Judicial District Court of Cameron County, Texas, the said defendant was convicted under Cause Number 01-CR-779-G of the felony offense of Driving While Intoxicated Third Or More, and the said conviction became final prior to the commission of the offense alleged in the indictment.

And it is further presented that the Defendant, Peter Cisneros, was duly and legally convicted of a felony less than capital, to-wit: on or about the 19th day of December, 2008, in the 404th Judicial District Court of Cameron County, Texas, the said defendant was convicted under Cause Number 08-CR-2404 of the felony offense of Possession of Marihuana, five pounds or less but more than four ounces, and the said conviction became final prior to the commission of the offense alleged in Enhancement Paragraph A.

Appellant entered a plea of not true to the two enhancement allegations.

Sgt. John Paul Garza, a fingerprint expert, appeared as the State's only witness. Sgt. Garza identified two prior judgments that reflected that Appellant had twice been convicted of DWI, which were admitted into evidence. Sgt. Garza then testified he had obtained Appellant's booking records related to the present case that contained information taken from Appellant when he was arrested, including his ten-print fingerprint card and photo. After he identified Appellant as the individual in the booking photo, the State moved to admit the booking records. Appellant objected that the State had not laid the proper predicate, to which the State replied that the records were self-authenticating, as they were a certified public record. The trial court overruled Appellant's objection and the booking records were admitted.

Sgt. Garza explained that when someone is arrested, a print of each of their individual fingers is taken and the same process occurs when they are transferred to prison. He further elaborated that the prisons keep the records pertaining to each prisoner in what is called a pen packet. Upon comparing the information in the jail booking records pertaining to Appellant with records from an introduced pen packet, Sgt. Garza opined both sets of records contained Appellant's identifying information and a certain number of fingerprints from both sets of records matched. Appellant then took Sgt. Garza on *voir dire* and established that one fingerprint card was

6

a complete match, but the other one only had some matches due to the poor quality of the fingerprint card. Although Appellant objected to the admission of the pen packet on the basis there was no proof the judgments in the pen packet were associated with him, the trial court overruled the objection. Sgt. Garza identified two judgments contained in the pen packet reflecting that, on December 30, 1995, and March 25, 2001, respectively, Appellant had been convicted and sentenced to prison for two DWI third or more offenses. Sgt. Garza stated he was able to identify as belonging to Appellant all of the prints from the fingerprint card associated with these convictions. He also identified a third judgment that reflected Appellant had also been convicted and sent to prison on February 12, 2008, for a felony possession of marijuana offense, and stated he was able to match some of the fingerprints associated with this judgment to Appellant. On cross-examination, Sgt. Garza testified Appellant's 2008 possession of marijuana conviction could not have been committed prior to his 2001 driving while intoxicated conviction had become final.

During the charge conference, Appellant objected to the instructions related to the habitual felony offender punishment range because the State had not proven what it alleged in the indictment, which was that the 2008 possession of marijuana conviction alleged in enhancement paragraph B became final prior to the commission of the 2001 driving while intoxicated conviction alleged in enhancement paragraph A. The State acknowledged the error, which it referred to as being clerical, and stated the habitual enhancement paragraphs were surplusage to the indictment, and thus, did not have to be included as their only purpose was to put the defense on notice of the enhancements. The trial court then gave the State time to present authority reflecting that the habitual enhancement paragraphs were mere surplusage to the indictment.

When the parties reconvened, Appellant maintained the habitual felony offender instructions were improper because the State had the burden of proving the inverted sequence as

7

pleaded in the indictment. The State argued that because the enhancement allegations were not required to be pleaded in the indictment, they constituted surplusage and could be abandoned. The State also provided the trial court with the cases of *Roberson v. State*, 420 S.W.3d 832 (Tex. Crim. App. 2013) and *Hopkins v. State*, 487 S.W.3d 583 (Tex. Crim. App. 2016), arguing the Court of Criminal Appeals had held in those cases that similarly inverted enhancement paragraphs were not improper. The trial court overruled Appellant's objection to the jury charge, stating that the enhancement paragraphs in the indictment were surplusage, and that the only issue was whether Appellant was placed on notice regarding what the State intended to prove in terms of enhancements.

The trial court's instructions to the jury regarding the assessment of punishment read, in relevant part:

> You must determine whether the state has proved, beyond a reasonable doubt, six elements of its accusation of prior convictions. The elements are that—
>
> 1. the defendant was convicted on the 24th day of July[] 2001, in Cause No. 01-CR-779-G in the 404th Judicial District Court of Cameron County, Texas; and
>
> 2. this conviction was for Driving While Intoxicated Third or More, a felony; and
>
> 3. this conviction became final before the commission of the offense for which the defendant was convicted as reflected in the next three elements; and
>
> 4. the defendant was convicted on the 19th day of December[] 2008, in Cause No. 08-CR-2404 in the 404th District Court of Cameron County, Texas; and
>
> 5. this conviction was for Possession of Marihuana, five pounds or less but more than four ounces, a felony; and
>
> 6. this conviction became final before the commission of the offense for which the defendant was convicted in this trial.
>
> If you all agree the state has proved, beyond a reasonable doubt, each of the six elements listed above, you must find the prior convictions accusation is "true." In this event, you are to complete the verdict entitled "Verdict-Accusation of Both Prior Felony Conditions 'True'" and state in your verdict—

1. a term in prison to be imposed on the defendant for no fewer than twenty-five years and no more than ninety-nine years or for life, or

2. a term in prison to be imposed on the defendant for no fewer than twenty-five years and no more than ninety-nine years or for life and a fine of no more than $10,000.

If, however, you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, 3, 4, 5, and 6 listed above, you must next consider whether the state has proved, beyond a reasonable doubt, all of the three elements 1, 2, and 3, above, or all of the three elements 4, 5 and 6, above.

If you all agree the state has proved, beyond a reasonable doubt, each of the three elements 1, 2 and 3 or each of the three elements 4, 5, and 6 listed above, you must find one prior conviction accusation is "true." In this event, you are to complete the verdict entitled "Verdict-Accusation of One Prior Felony Conviction 'True'" and state in your verdict—

1. a term of imprisonment for no fewer than two years and no more than twenty years, or

2. a term of imprisonment for no fewer than two years and no more than twenty years and a fine of no more than $10,000.

If, however, you all agree that the state has failed to prove, beyond a reasonable doubt, one or more of the three elements 1, 2, or 3 above, and one or more of the three[] elements 4, 5, or 6 above, then you are to complete the verdict entitled "Verdict Accusation of Prior Convictions 'Not True'" and state in your verdict—

1. a term of imprisonment for no fewer than two years and no more than ten years, or

2. a term of imprisonment for no fewer than two years and no more than ten years and a fine of no more than $10,000.

### *Applicable Law and Standard of Review*

### *Legal Sufficiency of Enhancement Allegations*

In reviewing the legal sufficiency of the evidence in the punishment phase, we view the evidence in the light most favorable to the jury's ruling and determine whether any rational trier of fact could make the finding beyond a reasonable doubt. *See Wood v. State*, 486 S.W.3d 583,

9

589 (Tex. Crim. App. 2016) (applying legal sufficiency review to evidence supporting "true" finding of enhancement paragraph).

Evidentiary sufficiency is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case, which is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge does not have to incorporate immaterial variances. *Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001). A variance between the wording of an indictment and the evidence is material when it fails to inform the defendant of the charge against him sufficiently to allow him to prepare a defense and it subjects him to the risk of being prosecuted later for the same crime. *Gollihar*, 46 S.W.3d at 257.

In *Roberson v. State*, 420 S.W.3d 832, 841 (Tex. Crim. App. 2013), the Court of Criminal Appeals reiterated it had earlier determined that *Malik's* principles apply equally to the "affirmative findings necessary to determining whether the state sufficiently proved the required habitual-punishment facts . . . to sustain the imposition of an enhanced punishment." *Id.* (citing *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000)). "Thus the sufficiency of the evidence in this context should be measured by the elements of the hypothetically correct jury charge for the enhancement, as defined by statute." *Young*, 14 S.W.3d at 750. Here, the applicable statute is Section 12.42(d) of the Texas Penal Code which provides:

> [I]f it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

10

*See* TEX. PENAL CODE ANN. § 12.42(d).

The Texas Court of Criminal Appeals has explained that section 12.42(d) applies in the following chronological sequence of events: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; and (4) the offense for which defendant presently stands accused is committed. *Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008). The State bears the burden of proving beyond a reasonable doubt that a defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. *Jordan*, 256 S.W.3d at 291.

### *Notice of Enhancement Allegations*

A defendant is entitled to notice of a prior conviction that the State intends to use for enhancement purposes. *Brooks v. State*, 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997). While the State is permitted to provide notice of such enhancements in an indictment, the State is not required to do so. *Brooks*, 957 S.W.2d at 34 ("enhancements must be pled in some form, but they need not be pled in the indictment"). The accused is entitled to a description of the judgment of prior conviction that will enable him to prepare his defense regarding the issue of whether he is the individual named in the judgment. *Villescas v. State*, 189 S.W.3d 290, 293 n.14 (Tex. Crim. App. 2006) (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)).

"It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *Martinez v. State*, No. 08-11-00311-CR, 2013 WL 241815, at *3 (Tex. App.—El Paso January 23, 2013, pet. ref'd) (not designated for publication). Variances between an enhancement allegation and the proof in regard to cause numbers, courts, and dates of conviction have been held to be immaterial. *See Freda*, 704 S.W.2d

11

at 42-43. For instance, it is not necessary to allege the date on which a prior conviction became final or the sequence of the prior convictions. *See Hollins v. State*, 571 S.W.2d 873, 876 n.1 (Tex. Crim. App. 1978); *Jingles v. State*, 752 S.W.2d 126, 129 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). The purpose of the doctrine of variance is to avoid surprise. *Plessinger v. State*, 536 S.W.2d 380, 381 (Tex. Crim. App. 1976). Likewise, the purpose of enhancement allegations is to provide notice to the defendant so that he can prepare a defense, and they are deemed sufficient if they include the court in which the conviction was obtained, the conviction date, and the nature of the offense. *Roberson v. State*, 420 S.W.3d 832, 839 (Tex. Crim. App. 2013); *Freda*, 704 S.W.2d at 42.

### *Was the evidence sufficient to prove the enhancements?*

In his first issue, Appellant claims the evidence is insufficient to prove two prior felony convictions in the sequence alleged in the indictment. Specifically, that the evidence failed to show that his 2008 possession of marijuana conviction was final before he committed the 2001 driving while intoxicated offense. However, we measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the enhancement as defined by Section 12.42(d) of the Texas Penal Code. *See Young*, 14 S.W.3d at 750; *see also* TEX. PENAL CODE ANN. § 12.42(d). In this case, the hypothetically correct charge would have alleged that the driving while intoxicated conviction became final in 2001 before the 2008 possession of marijuana offense was committed, and similarly the 2008 possession of marijuana conviction became final before the subsequent offense of driving while intoxicated for which Appellant presently stood accused. *Young*, 14 S.W.3d at 750; TEX. PENAL CODE ANN. § 12.42(d).

At trial, the State introduced certified copies of the judgments and sentences in the alleged causes which, on their faces, appear to be regular and final. The first judgment reflected that on

12

July 24, 2001, Appellant was convicted of driving while intoxicated with two or more priors, and he was sentenced to three years in prison in cause number 01-CR-779-G. The second judgment reflected that on December 19, 2008, Appellant was convicted of possession of marihuana (5 pounds or less but more than 4 ounces), and he was sentenced to two years in prison on April 2, 2009. Appellant argues here the inverted sequence of the indictment's enhancement paragraphs was a fatal, material variance. However, because the State was not required to allege the sequence of the prior convictions in the indictment, any variance that appeared was not material. *See Freda*, 704 S.W.2d at 42-43.

Viewing the evidence in the light most favorable to the jury's finding of "true" and against the hypothetically correct jury charge, we conclude the State presented sufficient evidence from which the jury could have rationally found the State proved Appellant's prior felony convictions occurred in the required sequence, that is that Appellant's 2008 felony conviction was committed after Appellant's 2001 felony conviction became final. *See* TEX. PENAL CODE ANN. § 12.42(d); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Derichsweiler v. State*, 359 S.W.3d 342, 350-51 (Tex. App.—Fort Worth 2012, pet. ref'd). The evidence is legally sufficient to prove the enhancement allegations and to support the jury's finding that the enhancement allegations were true.

Appellant's first issue is overruled.

### *Did the trial court err by submitting a jury charge that reversed the sequence of the indictment's enhancement paragraphs?*

In his second issue, Appellant does not claim that the incorrect sequencing of the indictment's enhancement paragraphs contributed to a lack of notice or that the State's evidence was insufficient to prove the required sequence of his prior felony convictions. He complains only that the trial court erred by submitting a charge that varied from the indictment and categorizes the

13

error in the sequencing of the enhancement allegations as a material variance. Appellant fails to show how this variance prejudiced him or surprised him. The record shows that the enhancement paragraphs correctly alleged the cause number, location of the court, the alleged offense, and the fact that the offense was a felony; this was sufficient to enable Appellant to find the judgments and prepare his defense on the issue of whether he was the individual named in the judgments. *See Roberson*, 420 S.W.3d at 839. *See, e.g., Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010) ("The issue [of whether appellant's sentence can be enhanced] is whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them."). Appellant presents no authority to support his position that the State must provide more information than what he was provided to him.

Moreover, as previously noted, the State was not required to allege the sequence of the enhancing convictions. *See Derichsweiler*, 359 S.W.3d at 350. Again, because the variance is neither fatal nor material, the trial court did not err by submitting a charge that did not track the incorrect, and more importantly, unrequired sequence allegation in the jury charge. *Freda*, 704 S.W.2d at 42-43; *Derichsweiler*, 359 S.W.3d at 350 (where Appellant had sufficient notice of the enhancement allegations against him despite the defective sequence of the enhancement allegations in the indictment, the trial court did not err by correcting the defective sequence in the jury charge, given that the State was not required to allege the sequence of convictions in the indictment and the sequencing error was considered immaterial).

Appellant's second issue is overruled.

### *Did the trial court impliedly amend the indictment over Appellant's objection when it submitted a jury charge that reversed the sequence of the indictment's enhancement paragraphs?*

Finally, Appellant's third issue complains the trial court impliedly amended the indictment

14

when it reversed the sequence of the enhancement convictions in its instructions on the range of punishment of a habitual felony offender. We disagree. The record shows that during the punishment phase, the State informed the trial court it believed the enhancement paragraphs were surplusage and could be abandoned. The trial court agreed that the portion of the enhancement paragraphs that contained the incorrect sequencing information was surplusage; and, in overruling Appellant's objection to the jury charge, stated that Appellant had been given notice of what the State intended to prove regarding the enhancements.

Appellant correctly states that "[a]n indictment . . . may not be amended over the defendant's objection as to form or substance if the amended indictment . . . charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." TEX. CODE CRIM. PROC. ANN. art. 28.10(c). However, as previously noted, enhancement paragraphs have to be pleaded in some form, but they do not have to be pleaded in the indictment. *Johnson v. State*, 214 S.W.3d 157, 158 (Tex. App.—Amarillo 2007, no pet.) (citing *Villescas v. State*, 189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006)). "Since enhancement paragraphs need not be pled in the indictment, it logically follows that they are unessential to the validity of the indictment and comparable to surplusage for purposes of art. 28.10." *Johnson*, 214 S.W.3d at 158. Thus, the State's abandonment of this surplusage did not invoke the requirements of article 28.10(c), nor did the trial court's jury instructions do so given that an enhancement paragraph is not part of the State's case-in-chief and is not part of the "substance" of an indictment. *Meyer v. State*, No. 02-15-00217-CR, 2016 WL 7487756, at *2-3 (Tex. App.—Fort Worth Dec. 30, 2016, pet. ref'd) (mem. op., not designated for publication); *see also Stautzenberger v. State*, 232 S.W.3d 323, 327-28 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that an enhancement allegation is not part of the State's case-in-chief, that it constitutes mere surplusage, and that the

State's abandonment of the enhancement does not invoke article 28.10). Thus, the trial court's complained-of jury instructions did not effectively amend the indictment over Appellant's objection.

Appellant's third issue is overruled.

## CONCLUSION

For these reasons, we affirm the trial court's judgment.


GINA M. PALAFOX, Justice

July 28, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)